NATIONAL LEAD CO. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 124. Argued December 13, 1956.—Decided January 22, 1957.

*Karl Riemer* argued the cause for petitioner. With him on the brief was *Lawrence S. Lesser.*

*Hilbert P. Zarky* argued the cause for respondent. With him on the brief were *Solicitor General Rankin, Assistant Attorney General Rice, Philip Elman* and *Joseph F. Goetten.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This is a companion case to No. 78, *United States* v. *Allen-Bradley Co., ante,* p. 306, which was also decided today. During World War II petitioner manufactured engine bearings. In 1944 petitioner expanded its plant in an effort to increase the output of these essential war products. At the same time it applied to the War Production Board for certification that the various additions were necessary in the interest of national defense. However the Board, as in *Allen-Bradley,* granted certificates of necessity for only a part of the cost of petitioner's new facilities. In its income tax return for 1944 petitioner exercised the privilege such certification conferred by taking as a deduction a sum based on the accelerated

amortization of that part of the costs which had been certified by the Board.

In 1951 the Commissioner of Internal Revenue asserted a deficiency against petitioner on grounds unrelated to the present controversy. Petitioner subsequently filed a petition for redetermination with the Tax Court claiming that it was entitled to a refund for overpayment of income taxes in 1944. The amount of this overpayment was calculated on the basis that petitioner was entitled to accelerate the amortization of the full cost of those facilities covered by the Board's "partial certifications." Petitioner contends that the Board was not authorized to certify only a part of the cost of a facility when the Board had determined that the facility as a whole was necessary to the national defense. The Tax Court granted petitioner's claim, but on appeal the Second Circuit reversed, holding that petitioner had forfeited its right to challenge the Board's action by waiting too long after accepting the tax benefits of the "partial certificates" to attack their validity. 230 F. 2d 161. The Court of Appeals did not reach the question whether the Board was authorized to issue such "partial certificates." For reasons stated in our opinion in No. 78, *United States* v. *Allen-Bradley Co., supra,* we hold that the Board was empowered to issue certificates covering only a part of the cost of petitioner's improvements. Accordingly, we affirm the judgment of the Court of Appeals.

*Affirmed.*

MR. JUSTICE HARLAN joins in the Court's decision for the reasons stated in his concurring opinion in *United States* v. *Allen-Bradley Co., ante,* p. 311.