On petition for rehearing of the order denying certiorari (350 U. S. 862) and previous orders denying rehearing, the Supreme Court on April 1, 1957, vacated such orders, granted certiorari and reversed the judgment of the Court of Claims. Under this judgment plaintiff had been granted recovery of income and excess profits taxes in connection with the accelerated amortization provisions of section 124 of the Internal Eevenue Code of 1939. The Supreme Court stated that its reversal was on the authority of United States v. Allen-Bradley Co., 352 U. S. 306, and National Lead Co. v. Commissioner, 352 U. S. 313.
The per curiam opinion of the Supreme Court, three justices dissenting, was as follows:
On June 11, 1956, we unanimously vacated sua sponte our order of December 5, 1955 (350 U. S. 919), denying the timely petition for rehearing in this case (351 U. S. 980), so that this case might be disposed of consistently with the companion cases of United States v. Allen-Bradley Co., 352 U. S. 306, and National Lead Co. v. Commissioner, 352 U. S. 313, in which we had *931 granted certiorari the same day, viz. June 11, 1956. 351 U. S. 981. If there is to be uniformity in the application of the principles announced in those two companion cases, the judgment below in the instant case cannot stand. Accordingly we now grant the petition for rehearing, vacate the order denying certiorari, grant the petition for certiorari, and reverse the judgment of the Court of Claims on the authority of United States v. Allen-Bradley Co., supra, and National Lead Co. v. Commissioner, supra.
We have consistently ruled that the interest in finality of litigation must yield where the interests of justice would make unfair the strict application of our rules. This policy finds expression in the manner in which we have exercised our power over our own judgments, both in civil and criminal cases. Clark v. Manufacturers Trust Co., 337 U. S. 953; Goldbaum v. United States, 347 U. S. 1007; Banks v. United States, 347 U. S. 1007; McFee v. United States, 347 U. S. 1007; Remmer v. United States, 348 U. S. 904; Florida ex rel. Hawkins v. Board of Control, 350 U. S. 413; Boudoin v. Lykes Bros. S. S. Co., 350 U. S. 811; Cahill v. New York, N. H. & H. R. Co., 351 U. S. 183; Achilli v. United States, 352 U. S. 916, 1023.

Beversed.

Mr. Justice Brennan and Mr. Justice Whittaker took no part in the consideration or decision of this case.