### The OHIO POWER COMPANY
### v.
### The UNITED STATES.
#### No. 218–54.

United States Court of Claims.
Dec. 4, 1957.

N. Barr Miller, Washington, D. C., for plaintiff. J. Marvin Haynes, F. Eberhart Haynes, Oscar L. Tyree and Joseph H. Sheppard, Washington, D. C., were on the brief.

Homer R. Miller, Washington, D. C., with whom was Acting Asst. Atty. Gen. John N. Stull, for defendant. James P. Garland, Washington, D. C., and Robert Livingston, Boston, Mass., were on the brief.

MADDEN, Judge.

This court's original decision of this case appears in 129 F.Supp. 215, 131 Ct. Cl. 95. We rendered judgment in favor of the plaintiff. The Government filed a

petition for *certiorari* to the Supreme Court, which the Supreme Court denied. The Government petitioned the Supreme Court for a rehearing, which was denied. After a decision in conflict with ours was rendered by the Court of Appeals for the Second Circuit in Commissioner of Internal Revenue v. National Lead Co., 230 F.2d 161, and after this court had decided the case of Allen-Bradley Co. v. United States, 134 Ct.Cl. 800, in accord with its decision in the plaintiff's case, the Government petitioned the Supreme Court for leave to file a second petition for a rehearing, and the Court denied that petition. Thereafter the Supreme Court granted *certiorari* in Allen-Bradley, 351 U.S. 981, 76 S.Ct. 1049, 100 L.Ed. 1495 and National Lead, 351 U.S. 981, 76 S.Ct. 1052, 100 L. Ed. 1496, and on the same date vacated its order denying the Government's petition for a rehearing, and continued that petition. 351 U.S. 980, 76 S.Ct. 1044, 100 L.Ed. 1495.

The plaintiff then petitioned the Supreme Court to vacate its order continuing the Government's petition for a rehearing. The Court denied the plaintiff's petition. 352 U.S. 905, 77 S.Ct. 144, 1 L.Ed.2d 115. The Supreme Court reversed our Allen-Bradley decision, 352 U.S. 306, 77 S.Ct. 343, 1 L.Ed.2d 347, and affirmed the National Lead decision, 352 U.S. 313, 77 S.Ct. 347, 1 L.Ed.2d 352. Two months later it granted the Government's petition for rehearing in the plaintiff's case, vacated its order denying *certiorari*, granted *certiorari* and reversed this court's decision on the authority of its Allen-Bradley and National Lead decisions. 353 U.S. 98, 77 S.Ct. 652, 1 L.Ed.2d 683. The plaintiff filed a petition for rehearing and reconsideration, which was denied. 353 U.S. 977, 77 S.Ct. 1053, 1 L.Ed.2d 1139.

The Supreme Court on April 1, 1957 remanded the case to this court, saying, in part:

> "The cause is reversed; and the same is hereby remanded to the United States Court of Claims."

On July 12, 1957 this court entered an order vacating and withdrawing its former judgment and dismissing the plaintiff's petition.

The plaintiff now moves this court to vacate its order of July 12, 1957, which dismissed the plaintiff's petition; to grant the plaintiff a new trial, and leave to file an amended petition.

The plaintiff says, correctly, that this court based its decision in favor of the plaintiff solely upon the ground that the applicable statute did not permit the Government agency to limit the amortizable cost of certified emergency facilities to that percentage of total cost representing excess war cost. It says that, because our earlier decision in Wickes Corporation v. United States, 108 F. Supp. 616, 123 Ct.Cl. 741, had been based upon that ground alone, and the Government had not petitioned for *certiorari* in Wickes, the plaintiff did not consider it necessary to present the alternative ground for recovery which was present in both the Wickes case and the plaintiff's case.

The asserted alternative ground for recovery is that even though the applicable statute, 26 U.S.C.A. § 124, did not forbid percentage amortization, the applicable Executive Order, No. 9406, U.S. Code Cong.Service 1943, p. 5.100, and the applicable agency regulation did forbid it, in cases such as the plaintiff's where construction of the emergency facility was begun prior to a specified date. Such an alternative ground was not present in Allen-Bradley, supra, and National Lead, supra, the Supreme Court precedents upon which that Court ultimately based its decision against the plaintiff. The plaintiff says that neither this court nor the Supreme Court has considered and adjudicated the merits of its asserted alternative ground for recovery.

So far as this court is concerned, the plaintiff's statement is correct. As to the Supreme Court, the Government says that the alternative ground was presented to that Court. As we have seen, nu-

merous petitions and briefs were filed in the Supreme Court. After that Court had denied the Government's petition for *certiorari* and its petition for a rehearing in the plaintiff's case, and after the Court of Appeals for the Second Circuit had decided National Lead and this court had decided Allen-Bradley, the Government filed a petition for leave to file, out of time, a second petition for a rehearing in the plaintiff's case, pointing out the conflict between National Lead and Allen-Bradley, and the fact that petitions for *certiorari* were contemplated in both those cases. The Government was saying, in effect, that the Supreme Court's decisions in those cases, if it granted *certiorari,* would decide the question involved in the plaintiff's case, hence the plaintiff's case should be held in abeyance pending those decisions.

The plaintiff filed a brief in opposition to the Government's attempt to keep the plaintiff's case pending to await the possible decisions in National Lead and Allen-Bradley. In its brief it sought to distinguish National Lead on the ground that the contractor there involved, before commencing construction, applied for and received certificates containing percentage limitations on amortizable costs, whereas the plaintiff had commenced construction before any regulation authorizing such a limitation was in effect. It said, concerning the plaintiff's situation:

Both at the time of application for the certificate and its issuance, the applicable regulations provided that none of the restrictions on certificates of necessity which had been first announced on October 5, 1943, would apply to construction commenced before that date (8 Fed. Reg. 13824, 10/5/43; Exec.Order 9406, 8 Fed.Reg. 16955, 12/17/43 [U.S.Code Cong.Service 1943, p. 5.100], Footnote 13, supra.)

The Government filed a memorandum in opposition to the plaintiff's brief which we have just discussed. It said that the plaintiff's attempts to distinguish Allen-Bradley and National Lead were futile, urging that the time of commencement of construction was immaterial, and that neither the Executive Order, nor the Regulations promulgated by the certifying officials, precluded them from making the percentage certifications which, the Supreme Court had held in Allen-Bradley and National Lead, the statute authorized them to make. The memorandum was of considerable length and was devoted entirely to the plaintiff's attempt to distinguish the two decided cases.

Because of the Government's persistence in its attack upon the plaintiff's judgment, the plaintiff had the opportunity, of which it took advantage, of attempting to distinguish Allen-Bradley and National Lead, from its own case, after those cases had been decided by the Supreme Court. As the plaintiff's case then stood in the Supreme Court, if the Court had been impressed by the plaintiff's attempted distinction, it could have denied the Government's pending petition for a rehearing, and let its former denial of *certiorari* stand. Or it could have granted *certiorari* and affirmed the judgment with an opinion approving the plaintiff's attempted distinction of its other decisions. In fact it granted *certiorari* and reversed our judgment with an order putting the plaintiff's case on all fours with Allen-Bradley and National Lead.

The plaintiff, in effect, asks us to conclude that the Supreme Court did not consider and decide the question of whether the plaintiff's case was distinguishable from Allen-Bradley and National Lead. The plaintiff's only evidence in support of such a conclusion is that the Supreme Court did not express an opinion upon the question. In court, as elsewhere, silence may be an opinion.

The plaintiff's motions are denied.

It is so ordered.

WASHINGTON, Circuit Judge, sitting by designation; JONES, Chief Judge; and WHITAKER and LITTLETON, JJ., concur.