53 So.2d 116 (1951)
STATE ex rel. HAWKINS
v.
BOARD OF CONTROL et al.
No. 21138.
Supreme Court of Florida, en Banc.
June 15, 1951.
*117 H.E. Hill, Daytona Beach, for relator.
Richard W. Ervin, Atty. Gen., and Frank J. Heintz, Asst. Atty. Gen., for respondents.
SEBRING, Chief Justice.
This cause is before the Court on motion for the entry of a peremptory writ of mandamus notwithstanding the return filed by the respondents in the proceedings.
Virgil D. Hawkins, a Negro citizen and resident of Florida, instituted a mandamus proceeding in June, 1949, against the Board of Control of Florida to require the Board to allow him to enroll as a law student at the University of Florida for attendance at a summer session to be held in 1949. He charged in his petition that the University of Florida was the only tax-supported law school in Florida that maintained and operated a law school and that he had been denied admission solely on the ground that he was a member of the Negro race. In due course the Board of Control filed their return to the alternative writ issued in the cause, alleging among other things, in substance, that the Constitution and Statutes of the State of Florida provide that white and Negro students shall not be taught in the same schools but that impartial provision shall be made for both and that in pursuance of these requirements the State of Florida has established certain institutions of higher learning in the State, among which are the University of Florida and the Florida State University, both maintained for white students, and the Florida Agricultural and Mechanical College for Negroes, maintained exclusively for Negroes; that these three state institutions have been in operation for many years and are under the management and control of the Board of Control, subject to the supervising power of the State Board of Education, who, through a long established and fixed policy of providing substantially equal educational opportunities to white and Negro races alike have from time to time added schools and courses of instruction at each of these institutions as the need for such additional courses has been made to appear; that whatever rights the relator may have for instruction in his requested courses at a state operated institution of higher learning within the State would be at the Florida Agricultural and Mechanical College for Negroes and could not be lawfully given him at the University of Florida; that the Board of Control had set up and established a school of law at the Florida Agricultural and Mechanical College for Negroes and had directed the governing head of said college to acquire the necessary personnel, facilities and equipment for such course of instruction at the school on the earliest possible date; that the Board of Control has made provision for relator's immediate admission and enrollment at the Florida Agricultural and Mechanical College for Negroes, in its law school, and is ready to there admit him, provided the relator shall make his application for instruction in said courses within the time allowed for members of any other group to apply for admission to said course at any State institution of higher learning. And, in the event the necessary facilities, equipment and personnel for said course of study should not *118 be immediately available at the Florida Agricultural and Mechanical College for Negroes, upon his renewed timely application for instruction in said course of study, the Board of Control has made provision for his instruction in said course of study at the only other institution of learning in the State of Florida offering such course, namely, the University of Florida, until such time as adequate and comparable facilities and personnel for such course of study, substantially equal to those provided at any tax-supported institution of higher learning in the State, can be obtained and physically set up at the Florida Agricultural and Mechanical College. See State ex rel. Hawkins v. Board of Control, Florida Reports, 47 So.2d 608.
After the answer was filed the relator moved for the issuance of a peremptory writ the return of the respondents notwithstanding. The effect of the motion, as a matter of pleading, was to admit the truth of the facts well pleaded in the return but to assert that as a matter of law the return failed to present a sufficient reason why the relief sought in the alternative writ should not be granted. See State ex rel. Hawkins v. Board of Control, supra.
Upon consideration of the motion the Court held the return sufficient, as a matter of pleading, and entered an interlocutory order, which provided: "Due to the nature of the issues arising out of the pleadings, it is our conclusion that the entry of a final order herein should be withheld and the jurisdiction of the cause retained until it be shown to the satisfaction of this Court either that the Board of Control has furnished, or has failed to furnish, to the relator, in accordance with the principles stated in this opinion, and after his due application for enrollment, such opportunities and facilities for pursuing his desired course of study as are substantially equal to those afforded all other students duly enrolled in the same or a like course of study at any of the tax-supported institutions of higher learning within the State wherein such course is offered. Either party to this cause may apply in this proceeding for the entry of an order finally disposing of the case, after due and regular application for enrollment has been made by the relator and such opportunities and facilities have or have not been made available to him in such a tax-supported institution of higher learning." (Italics supplied.)
Approximately ten months after the entry of this interlocutory order the relator filed the motion now before the Court, renewing his request for the issuance of a peremptory writ the return notwithstanding. As grounds for the motion the relator avers "that the Respondents have failed to provide Relator the equal educational opportunities in accordance with the interlocutory order of this Court rendered on August 1, 1950 * * *. That the Relator has exhausted all reasonable means available to him for attaining admittance to the University of Florida, the only institution in the State of Florida supported and maintained by the taxpayers of the State of Florida offering courses necessary in obtaining the degree in his chosen profession; that the creation of the purported school of law on paper for Negroes at the Florida Agricultural and Mechanical College and/or the alternative plan adopted by the Board of Control of Florida and made a part of Respondents' answer does not accord to Relator the equal protection of the laws as required by the Fourteenth Amendment to the Constitution of the United States."
A mere casual inspection of the motion discloses that the relator has made no showing entitling him to the issuance of the peremptory writ. The strongest averment in favor of the relator is the pure legal conclusion that the relator "has exhausted all reasonable means available to him for attaining admittance to the University of Florida," without any averment appearing in the motion as to what steps, if any, have been taken by the relator to enroll for the law course he desires to pursue or otherwise to bring himself within the principles enunciated in State ex rel. Hawkins v. Board of Control, supra. Moreover, the motion is not accompanied by any proof of the matters alleged in the motion  assuming, for the sake of argument only that the averments are sufficient  and it is elementary that a motion is not in and of *119 itself proof of the averments therein contained.
Accordingly, the motion for peremptory writ the return notwithstanding should be, and same is hereby, denied, without prejudice to the right of the relator to move for the entry of a peremptory writ when he is able to show to the satisfaction of the Court that he has brought himself within the principles enunciated in State ex rel. Hawkins v. Board of Control, supra.
It is so ordered.
TERRELL, CHAPMAN, ADAMS, HOBSON and ROBERTS, JJ., concur.
THOMAS, J., not participating.