## FLORIDA ex rel. HAWKINS v. BOARD OF CONTROL OF FLORIDA et al.

No. 624.   Decided March 12, 1956.

*Robert L. Carter* and *Thurgood Marshall* for petitioner.

*Richard W. Ervin,* Attorney General of Florida, *Ralph E. Odum,* Assistant Attorney General, and *John J. Blair,* Special Assistant Attorney General, for respondents.

PER CURIAM.

The petition for certiorari is denied.

On May 24, 1954, we issued a mandate in this case to the Supreme Court of Florida.   347 U. S. 971.   We directed that the case be reconsidered in light of our decision in the Segregation Cases decided May 17, 1954, *Brown* v. *Board of Education,* 347 U. S. 483.   In doing so, we did not imply that decrees involving graduate study present the problems of public elementary and secondary schools.   We had theretofore, in three cases, ordered the admission of Negro applicants to graduate schools without discrimination because of color.   *Sweatt* v. *Painter,* 339 U. S. 629; *Sipuel* v. *Board of Regents of the University of Oklahoma,* 332 U. S. 631; cf. *McLaurin* v. *Oklahoma State Regents for Higher Education,* 339 U. S. 637.   Thus, our second decision in the *Brown* case, 349 U. S. 294, which implemented the earlier one, had no application to a case involving a Negro applying for

admission to a state law school. Accordingly, the mandate of May 24, 1954, is recalled and is vacated. In lieu thereof, the following order is entered:

PER CURIAM: The petition for writ of certiorari is granted. The judgment is vacated and the case is remanded on the authority of the Segregation Cases decided May 17, 1954, *Brown* v. *Board of Education,* 347 U. S. 483. As this case involves the admission of a Negro to a graduate professional school, there is no reason for delay. He is entitled to prompt admission under the rules and regulations applicable to other qualified candidates. *Sweatt* v. *Painter,* 339 U. S. 629; *Sipuel* v. *Board of Regents of the University of Oklahoma,* 332 U. S. 631; cf. *McLaurin* v. *Oklahoma State Regents for Higher Education,* 339 U. S. 637.