99 So.2d 255 (1957)
NORTH SHORE REALTY CORPORATION, a Florida corporation, Appellant,
v.
Robert H. GALLAHER and Clara E. Gallaher, his wife, Appellees.
No. 57-208.
District Court of Appeal of Florida. Third District.
December 12, 1957.
Anderson & Nadeau, Miami, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellees.
HORTON, Judge.
The appellant, North Shore Realty Corporation, is the holder of a leasehold interest in certain real property owned by the appellees. The original lease was executed *256 on November 29, 1943, between the appellees and the Heron Realty Corporation for a term of fifty years. The Heron Realty Corporation assigned its interest in the lease to the Green Heron Operating Company, which brought suit against the appellees for a declaratory decree in the Circuit Court for Dade County, late in 1952. The suit sought a judicial declaration of the rights of the parties under certain portions of the lease. On September 10, 1954, this suit was concluded by an order which stated:
"This cause came on to be heard before me on the motion of the parties by their respective attorneys and it being represented to the Court that all the matters in dispute have been amicably adjusted, it is thereupon 
"Ordered, Adjudged and Decreed that the above entitled case be and it is hereby dismissed with prejudice and at the cost of the plaintiff."
This order was approved by attorneys for all the parties. Neither the order nor the record in this cause indicates how the matters were "amicably adjusted" or to what extent.
Subsequent to this litigation, the Green Heron Operating Company assigned its interest in the lease to the North Shore Realty Corporation, the appellant in this cause. In this pending litigation, the appellant has prayed for either a declaratory decree interpreting practically the same portions of the lease as were involved in the prior suit, or a reformation. The chancellor below felt that the use of the phrase "with prejudice" in the order of dismissal of the prior suit was an adjudication on the merits. He thereupon ruled that these words were conclusive of the rights of the appellant as the appellant could stand in no better position than its assignor. The appellant has appealed from the final summary decree of dismissal.
It is apparent from the pleadings in both the former suit and the present suit that there existed between the parties a genuine issue or doubt as to the meaning of specific terms of the lease, sufficient to invoke the provisions of the declaratory judgment statute, Chapter 87, Fla. Stat., F.S.A. See May v. Holly, Fla. 1952, 59 So.2d 636. The Supreme Court of Florida, in Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445, 448, adopted the Alabama test for the sufficiency of a complaint for declaratory decree:
"We approve the statement made by the Supreme Court of Alabama in the case of White v. Manassa, 252 Ala. 396, 41 So.2d 395, 397, `The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.'"
This case went on to point out that when a complaint for declaratory decree is dismissed, it cannot be said that the Circuit Court gave any construction at all of the matter in question. Assuming that a petition or complaint has been filed that alleges facts sufficient to bring it within the provisions of the declaratory judgment statute, the effect of the dismissal of such petition or complaint is to fail to answer the question presented to the court. Dismissal as such does not have the efficacy of answering the question or precluding the resubmission of the same question at a later date.
The former suit was "amicably adjusted" by the parties in a manner unknown to this court and the lower court. Therefore, absent any showing in the record before us, we can only conclude that the former litigation did not result in a judicial declaration of rights of the parties before the court. One who seeks a declaratory judgment is generally not seeking to enforce a claim against the defendant; rather, he is seeking a judicial declaration as to the existence and effect of a relationship between himself and the defendant. *257 The effect of the judgment, therefore, unlike a judgment for the payment of money or damages, is not to merge the cause of action in the judgment but to make res judicata only the matters actually declared by the judgment, thus precluding the parties to the litigation or their privies from relitigating those matters. See Restatement of Law, Judgments, Topic 5, Sect. 77, Page 344.
The appellees rely on the theory that the words "with prejudice" make the matters in the instant case res judicata and permanently foreclosed from further judicial inquiry. However, these words cannot arbitrarily be inserted in a decree in order to make the issues conclusive. If the intention of the parties was not to conclude the merits of the cause, the mere addition of the words "with prejudice" fails to supplement or detract from the effect of the decree. In Hassenteufel v. Howard Johnson, Inc. of Florida, Fla. 1951, 52 So.2d 810, the Supreme Court ruled that the use of the words "with prejudice" did not foreclose the issues as such use was not authorized by statute. We feel that the crux of this case is whether or not the consent decree was an actual prior adjudication that would make the issues in the instant case res judicata. Courts have been presented with a similar question but there appears to be very little uniformity in the cases annotated. See 2 A.L.R.2d 514, 97 L.Ed. 1188.
From the record before us, we cannot determine whether the consent decree was an actual adjudication on the merits. It does recite the fact that the "matters in dispute have been amicably adjusted" but does not indicate the manner in which the dispute was adjusted or to what extent. Under the circumstances presented by this record, with the decree silent as to what was adjudicated, it was incumbent upon the appellees to establish by extrinsic evidence their affirmative defense of res judicata. See 2 A.L.R.2d 566-567. As previously stated, this is especially true when the matter before the court is a petition for declaratory decree. Since the establishment of a legal obligation is not in question, but rather the interpretation of a written instrument, a prior consent dismissal would not act so as to merge the cause of action in the final decree when the decree itself is silent and no clear and convincing evidence is apparent that such was the intention of the parties. A consent dismissal of a petition for declaratory decree, without more, is not conclusive of the rights in question.
It is well to note that no attempt is being made to lay down a broad general rule that could be applied in all situations wherein a consent decree or judgment is obtained, but we limit the application to the facts and record before us. There could be many instances of a consent dismissal that would render the issues res judicata, but we feel that such is not the case before us.
For the reasons stated herein, this cause is hereby reversed and remanded to the lower court for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.