Virgil D. HAWKINS, on behalf of him-
self and others similarly situ-
ated, Plaintiffs,

v.

The BOARD OF CONTROL OF FLOR-
IDA, a body corporate, and R. S. John-
son, Registrar of the University of Flor-
ida, Defendants.

No. 643.

United States District Court
N. D. Florida,
Tallahassee Division.

June 18, 1958.

Francisco A. Rodriguez, Tampa, Fla.,
Robert L. Carter, Constance Baker Mot-
ley, New York City, for plaintiffs.

Richard W. Ervin, Atty. Gen., State of
Florida, Ralph E. Odum, and Joseph C.
Jacobs, Asst. Attys. Gen., for defendants.

DE VANE, District Judge.

This case has quite a long history.
Plaintiff is a Negro citizen and resident
of the State of Florida. The case began
in April 1949 when plaintiff applied for
admission to the College of Law of the
University of Florida. His application
was denied by the Board of Control, the
governing body of the State University
system, solely because of certain provi-
sions of the Constitution and Statutes of
Florida, F.S.A.Const. art. 12, § 12; F.S.
A. § 228.09, prohibiting the admission of
any but white students to the University,
including the Law College. Hawkins
thereupon instituted a mandamus action

in the Supreme Court of Florida against the members of the Board of Control.

For anyone interested, the subsequent history of the case may be found in the following decisions of the Supreme Court of Florida and of the United States: State ex rel. Hawkins v. Board of Control of Florida, Fla., 47 So.2d 608; Id., Fla., 53 So.2d 116, certiorari denied 342 U.S. 877, 72 S.Ct. 166, 96 L.Ed. 659; Id., Fla., 60 So.2d 162, certiorari granted 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112; Id., Fla., 83 So.2d 20; Id., Fla., 93 So.2d 354, certiorari denied by the Supreme Court of the United States without prejudice to petitioner seeking relief in an appropriate United States District Court, 355 U.S. 839, 78 S.Ct. 20, 2 L.Ed.2d 49.

During the numerous times this case was heard by the Supreme Court of Florida and by the Supreme Court of the United States, plaintiff sought only the right to enter the University of Florida Law School as a law student. Following the decision of the Supreme Court of the United States in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, the Supreme Court of the United States and the various Circuit Courts have expanded greatly the rights of individuals to bring class actions affecting civil rights of Negroes, so when the Supreme Court of the United States denied certiorari the last time plaintiff's state case appeared before it in October, 1957, (355 U.S. 839, 78 S.Ct. 20, 2 L.Ed. 2d 49) but authorized plaintiff to come into this court for relief, plaintiff greatly expanded the relief requested by not only seeking the right for himself to enter the University of Florida Law School, but he also brought the suit as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., not only on behalf of himself, but also on behalf of other persons similarly situated, that is to say, Negro citizens of the United States and of the State of Florida who are qualified to attend the various schools and colleges of the University of Florida which are maintained and operated by the defendants, but whose applications for admission had not been ruled upon favorably and the applicants admitted. The right of plaintiff to bring such an action has already been fully established in decisions of the Court of Appeals, Fifth Circuit, in the following cases and the cases there cited: Orleans Parish School Board v. Bush, 242 F.2d 156, and Gibson v. Board of Public Instruction of Dade County, Florida, 246 F.2d 913. See also Rule 23(a), Federal Rules of Civil Procedure.

Promptly upon filing this action in this Court plaintiff made application to the Court for a temporary mandatory injunction directing the Board of Control to admit plaintiff to the University of Florida Law School at the beginning of the second semester in February, 1958. The Court denied this application of plaintiff and the case was appealed to the Court of Appeals, Fifth Circuit, where the order of denial was reversed and the case remanded to this court for further proceedings in accordance with the decision of the Court of Appeals in the case. See Hawkins v. Board of Control, 253 F. 2d 752.

In the complaint filed by plaintiff in this court plaintiff, as pointed out above, sought an order from this court directing the Board of Control to admit him as a law student at the University of Florida Law School. The greater part of his complaint is devoted to allegations stating his claimed rights in that respect, but as also pointed out above, he expanded the litigation in this court to make it a *class action* not only in behalf of himself, but of other persons similarly situated who had made applications for admission to various schools of the University of Florida.

When the case came on for trial before this court plaintiff offered testimony relating principally to the class action feature of the case and proved by testimony of the Executive Secretary of the Board of Control and the Registrar of the University of Florida the number of applications that had been received by the University over the past several years from Negro students seeking admission to the University and that no Negro had ever

been admitted as a student at the University.

With this testimony in the record, plaintiff rested whereupon defendants filed motions to dismiss the cause of action on the ground that plaintiff had failed completely to show his eligibility for admission as a student to the Law School of the University. After extended argument on the motions filed by defendants, counsel for plaintiff read into the record a stipulation on behalf of plaintiff abandoning plaintiff's prayer for an order of this court directing the Board of Control and the Registrar of the University of Florida to permit him to enter said University as a law student and announced that plaintiff sought in this case only an order of this Court enjoining defendants from enforcing any policy, custom or usage of limiting admission to the University of Florida to white persons only.

Upon the issue in the case being so limited, the motions to dismiss were denied, whereupon counsel for defendants submitted testimony briefly upon the policy of the Board of Control with reference to the admission of Negro students to the University, the reasons why none had been admitted since the decision of the Supreme Court of the United States in Brown v. Board of Education of Topeka, supra, and the attitude the Board would take with reference to such applications as soon as it felt free from litigation continuously pending in courts affecting the rights and duties of the respective parties involved. Defendants also introduced certain exhibits touching upon the same matter and rested. Plaintiff offered no rebuttal testimony.

■■ The Court has carefully considered all the testimony submitted by the respective parties and finds and holds that upon the authority of the decisions of the Court of Appeals, Fifth Circuit, and Rule 23(a) cited above, this Court has no alternative but to hold plaintiff is entitled to maintain this class action against defendants. When it comes to the relief that should be granted, the Court finds and holds upon the evidence submitted with reference to plaintiff's right to enter the University of Florida Law School that plaintiff failed completely to establish any such right under the law applicable to cases of this character and he will be denied the right to enter the Law School.

■ When it comes to the relief that should be granted upon the class action feature of the case, the Court finds and holds that the evidence submitted by defendants clearly shows that the injunctive relief granted by this Court should be and it will be limited to enjoining the defendants from enforcing any policy, custom or usage of limiting admission to the *graduate* schools and *graduate* professional schools of the University of Florida to white persons only. There is abundant precedent elsewhere for so restricting the order of this Court.

■ The Court recognizes that defendants have full and complete statutory authority to regulate admissions to the University of Florida and to act in emergencies to avoid public mischief and to take such normal, reasonable and necessary steps as will provide for the orderly and peaceable administration of said University, and nothing in this Memorandum Decision or in the Order of this Court entered pursuant thereto will be construed as in any way limiting the authority of the Board of Control of Florida and the officers of the University of Florida vested with authority to supervise and control the activities of students from taking all necessary steps as will provide for the orderly and peaceable administration of the said University.

An appropriate order will be entered herein in conformity with this Memorandum Decision.