WIGGINTON, Judge.
Defendant seeks review by interlocutory appeal of an order denying her motion to dismiss plaintiff’s complaint for declaratory decree.
The facts alleged in the complaint, which upon consideration of the motion must be accepted as true, reveal that the parties are husband and wife living apart under a decree of separate maintenance and alimony unconnected with divorce. After marriage the parties acquired a parcel of land, title to which was taken in the name of plaintiff husband. Both parties made contributions to the purchase and develop *906 ment of the property from their own separate funds, and each worked diligently in the establishment, operation and management of a dairy located thereon. As a result of the foregoing defendant was a joint equitable owner of the property at the time of their separation. After separation, the parties agreed to join in a sale of their respective interests in the dairy property and agreed that each owned a one-half interest therein and in the proceeds arising from any sale thereof. It was further agreed that each party would account for and pay such federal income tax as may become due on the gain realized by each from his or her share of the sale proceeds.
Pursuant to this agreement the parties sold a portion of the dairy property. One-half of the cash payment was paid to defendant wife, and the purchaser’s note representing one-half the balance of the purchase price was made payable and delivered to defendant. Subsequent to this transaction plaintiff conveyed to defendant certain other portions of the dairy property and received in return a release by defendant discharging him from further liability for alimony or other obligations arising out of their marital relationship.
Plaintiff has paid the income tax due by him on the gain which he realized from the sale of his interest in the property, but defendant has failed to pay the tax due by her on the gain which she realized from the sale of her interest. As a result the Federal Internal Revenue Department has not only made an assessment against defendant for the tax due on the gain which she realized from the sale of her interest, but has made a like assessment against plaintiff, thereby leaving it to the parties to settle between themselves the true state of ownership of the land and the property rights each formerly held therein.
Plaintiff is in doubt as to his rights, liability and status under the facts alleged in the complaint, and asserts that his immunity from liability for the questioned income tax assessed against him depends upon the establishment of the fact that defendant was the equitable owner of a one-half interest in the dairy property and their joint sale and equal division of the sale proceeds constituted a partition of their respective interests therein.
The prayer of the complaint seeks a decree declaring the interest which each party formerly owned in the dairy property and established the fact that their joint sale thereof constituted a partition of their respective equitable one-half interest therein. In his order denying defendant’s motion to dismiss the Chancellor held that a decision declaring the respective rights, title and ownership which each of the parties hereto had in the property at the time of its sale should 'be binding upon the United States Government in its determination of the respective liabilities of the parties for the income tax referred to in the complaint, and to that end relieve one of the parties from subsequent harassment and expense in settling the issue which is now in doubt.
The circuit courts of this state are empowered to render decrees, judgments or orders as to the existence or non-existence of any fact upon which the existence or non-existence of any immunity does or may depend, whether such immunity now exists or will arise in the future,[1]
 An analysis of the complaint under assault reveals that its purpose is to seek a declaratory decree establishing the existence of two facts: (1) that because of the matters alleged defendant was the equitable owner of a one-half interest in the property acquired by the parties during marriage; and, (2) their joint sale constituted a partition of their respective one-half interests therein. It is upon the existence of these facts, and the law applicable thereto, that plaintiff’s immunity from li *907 ability for the income tax assessed against him does or may depend. It is not the purpose of this action to establish plaintiff’s immunity from liability for the tax, as that issue must be determined in another forum. Nor does plaintiff assert the right to prove the terms of a disputed contract, either oral or written. That there is a present bona fide practical need for the declaration is self-evident. The complaint reveals a present ascertainable state of facts regarding which there is a controversy between parties whose interests are antagonistic. The presence of the foregoing elements is sufficient to invoke the court’s jurisdiction and authorize it to render the declaratory decree prayed for in the complaint.[2] The fact that the declaration may or must be against the interest of the complaining party, and equity may require that costs be charged against him, does not destroy the right to the declaration.[3]
It is appellant’s position that plaintiff should be required to litigate the issues made by his complaint in the federal courts where the tax liability must be finally determined. Under the circumstances here present we should not, by a strained or technical interpretation of the statute, close the doors of Florida courts to its citizens who seek an adjudication of their rights under Florida law, thereby forcing them to litigate their disputes in courts of a foreign jurisdiction whose decisions are ultimately controlled by social philosophies and legalistic concepts ofttimes diametrically opposed to those which motivated the decisions of the courts of this state.[4]
The statute now under consideration declares that it is substantive and remedial whose purpose is to settle and afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed.[5]
We are of the view that the complaint under consideration sought relief properly allowable under the applicable statutes and the Chancellor was eminently correct in refusing to dismiss it. The order appealed from is accordingly affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, C. J., dissenting.

. F.S. § 87.01, F.S.A.

. May v. Holley, Fla.1952, 59 So.2d 636.

. Supra note 2. See also North Shore Realty Corp. v. Gallaher, Fla.App., 1957, 99 So.2d 255.

. Pennekamp v. State of Florida, 328 U.S. 331, 66 S.Ct. 1029, 90 L.Ed. 1295; State of Fla. ex rel. Hawkins v. Board of Control of Florida, 350 U.S. 413, 76 S.Ct. 464, 100 L.Ed. 486.

.F.S. § 87.11, F.S.A.