133 So.2d 752 (1961)
JACKSON TOM, INC., and Tomjax, Inc., Florida corporations, Appellants,
v.
B.H. CARLTON and Daisy Carlton, his wife, Appellees.
No. C-376.
District Court of Appeal of Florida. First District.
October 24, 1961.
*753 Ragland, Kurz, Toole & Martin, Jacksonville, for appellants.
McCarthy, Adams & Foote, Jacksonville, for appellees.
WIGGINTON, Judge.
Plaintiffs in the trial court have appealed from a judgment dismissing with prejudice their second amended complaint. Although the judgment recites no reason for the dismissal, the motion pursuant to which it was entered is based upon the single ground that the complaint fails to state a cause of action upon which relief can be granted. It is appellants' contention that the allegations of their complaint meet all the requirements of law entitling them to the declaratory relief prayed, and that the chancellor erred in holding to the contrary.
For the purpose of considering the sufficiency of the complaint to state a cause of action entitling the pleader to the relief prayed, it is axiomatic that all well pleaded allegations must be taken as true.[1] Upon this premise we will examine the complaint for the purpose of determining the correctness of the chancellor's order.
From the complaint it appears that plaintiffs entered into a written agreement with defendants whereby the former were granted the option to purchase 695.70 acres of land at a price of $910.00 per acre. The option provides that upon the exercise thereof plaintiffs shall pay to defendants the remainder of the initial payment on the purchase price in the sum of $101,000.00, upon receipt of which defendants agreed to convey to plaintiffs the entire tract of land described in the agreement. The option further provides that upon delivery of the deed of conveyance, plaintiffs shall execute and deliver to defendants two purchase money mortgages, one encumbering that portion of the property lying on the easterly side of a designated railroad right-of-way, and the other mortgage encumbering the remainder of the property lying on the westerly side of the right-of-way. The mortgages shall secure payment of the balance of the purchase price evidenced by promissory notes to be executed and delivered simultaneously with the mortgages.
Plaintiffs exercised the option granted to them in the written agreement between the parties and completed payment of the initial purchase money installment as specified therein. Defendants, however, have refused to execute and deliver to plaintiffs the deed of conveyance covering the property which forms the subject of the agreement for the reason that a dispute has arisen between the parties as to the form *754 of purchase money mortgages to be given as security for the unpaid purchase price, and what specific provisions shall be contained in the mortgages relating to payment, acceleration, interest, insurance, attorney's fees, partial releases, and application of prepayments on the mortgage indebtedness.
The complaint specifically alleges the points of difference which have arisen between the parties as to the items mentioned above. It is alleged that a proper interpretation of the option agreement will support plaintiffs' contention on the points of difference between the parties, and that the terms and provisions of the mortgages to be executed by plaintiffs should be in accordance with plaintiffs' contention as regards each of the disputed points. The complaint alleges that plaintiffs are in doubt as to their rights and obligations under the option agreement as to the form of mortgage they are required to deliver to defendants, as well as to the exact terms and provisions such mortgages should contain as contemplated by the option. Implicit in the complaint is the existence of a genuine controversy between the parties on these points, and it is prayed that the court enter its decree determining the rights and liabilities of the parties under the terms and provisions of the option agreement, or in the alternative, that the agreement may be reformed to conform to the understanding and agreements of the parties intended to be incorporated therein, and for such other and further relief as may be appropriate in the premises.
It sufficiently appears from the allegations of the complaint that plaintiffs are precluded from consummating their purchase of the property described in the option because of the controversy which has arisen between the parties as to a proper construction of the agreement. An adjudication of the points of difference which have arisen will determine the rights and obligations of the parties under the terms and provisions to be incorporated in the purchase money mortgages. It affirmatively appears that the interest of the parties to this cause are clearly antagonistic.
In Bartholf[2] this court held that if the foregoing elements affirmatively appear from the allegations of a complaint, it is sufficient under the statute to invoke the court's jurisdiction and authorize it to render a declaratory decree.[3] The possibility that a proper interpretation of the contract or agreement in question will result in a decree adverse to the contentions of the plaintiffs as alleged in their complaint will not preclude the right of the plaintiffs to such decree.[4] We further held in Bartholf that "the statute now under consideration declares that it is substantive and remedial whose purpose [it] is to settle and afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed."
It is our conclusion that the plaintiffs' second amended complaint states a cause of action under the declaratory judgment statute, and that the court erred in dismissing it with prejudice. The judgment appealed is accordingly reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., Chief Judge, and RAWLS, J., concur.
NOTES
[1] Bartholf v. Bartholf, Fla.App. 1959, 108 So.2d 905, 907.
[2] See Footnote 1.
[3] See also May v. Holley, Fla. 1952, 59 So.2d 636; Platt v. General Development Corporation, Fla.App. 1960, 122 So.2d 48.
[4] Platt v. General Development Corporation, see Footnote 3; Bartholf v. Bartholf, see footnote 1; North Shore Realty Corp. v. Gallaher, Fla.App. 1957, 99 So.2d 255.