HORTON, Judge.
Appellant by this interlocutory appeal seeks review of an order denying its motion for summary decree in a declaratory decree action brought by the appellees.
Appellees, a church and a liquor store owner, filed a complaint in chancery against the City of Hialeah, seeking a declaratory decree to determine their rights under § 4.24 of the city code which prohibits the sale of alcoholic beverages within 1,500 feet of a church. The complaint alleged doubt as to appellees’ rights under this section and prayed for additional, supplementary relief in the form of a mandatory injunction requiring the city to enforce its ordinance by revoking appellant’s license and permit to retail alcoholic beverages. It also included a prayer for such additional relief as the court might deem just and proper.
Appellant was allowed to intervene and before answering moved for summary de *6 cree. After hearing, the trial court entered the order appealed denying this motion.
At the outset, it should he noted that the parties agreed orally that appellee Feldman is not a necessary or proper party to this action and may be dismissed.
Appellant contends the trial court erred in denying its motion for summary decree since there is present no genuine issue of material fact and as a matter of law the ap-pellee church is without the requisite standing to coerce governmental action. We find this contention to be without merit.
Any person whose rights and status are affected by a municipal ordinance or who is in doubt as to his rights and status thereunder may obtain a declaration of his rights and status. Sections 87.01, 87.02, Fla.Stat., F.S.A.
Generally, one who seeks such a declaration is not seeking to enforce a claim against the defendant; rather, he is seeking a judicial declaration as to the effect of an ordinance and his rights thereunder. However, he may, in the same action, in addition to praying for a declaration of rights, also pray for additional, alternative, coercive, subsequent or supplemental relief which may be granted by the court whenever necessary and proper. Sections 87.01, 87.07, Fla.Stat., F.S.A. In such a case, the question of whether the plaintiff is entitled to a declaratory decree does not devolve into one of whether he will succeed in getting a declaration in accordance with his theory and contention or whether he is entitled to the alternative or supplementary relief prayed for. The question is, is he entitled to a declaration of rights at all. See Jackson Tom, Inc. v. Carlton, Fla.App. 1961, 133 So.2d 752; North Shore Realty Corporation v. Gallaher, Fla.App.1957, 99 So.2d 255; and Rosenhouse v. 1950 Spring Term Grand Jury, Fla.1952, 56 So.2d 445.
Thus, the question before the trial court in the instant case on appellant’s motion for summary decree was not whether the appellee was entitled to supplementary relief in the form of a mandatory injunction, but whether appellee was entitled to a declaration of rights. This question was properly answered in the affirmative by the trial court for it cannot be said that the complaint wholly fails to state a cause for equitable relief in the form of a declaration of rights. It should be emphasized that we are not here called upon to decide, nor do we, what declaration should be made or what additional and supplemental relief, if any, should be granted.
Upon the going down of the mandate of this court and in keeping with the oral agreement of the parties, the chancellor should enter an order dismissing the ap-pellee Feldman as a party to the action. Except as modified by the foregoing, the order appealed is affirmed.
Affirmed.