141 So.2d 823 (1962)
SANFORD BACON, AS TRUSTEE FOR MARVIN M. BACON, MARVIN M. BACON, CESTUI QUE TRUST, AND E.C. FREDERICKSON, A/K/A ELLEN C. SIMONS, APPELLANTS,
v.
ELI R. CRESPI, APPELLEE.
No. 61-779.
District Court of Appeal of Florida, Third District.
June 5, 1962.
Nicholson, Howard & Brawner, Miami, for appellants.
Snyder, Young & Stern, North Miami Beach, for appellee.
Before HORTON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from a decree dismissing plaintiffs' complaint which sought *824 a declaration of plaintiffs' rights pursuant to Chapter 87, of the Florida Statutes, F.S.A., with respect to a certain contract entered into by the parties. The court in granting the motion to dismiss and entering the decree of dismissal found "that the plaintiffs are not entitled to a declaration of their rights, since the provisions of the subject contract that the plaintiffs want construed are clear and unambiguous."
We find that the court was in error in finding that the plaintiffs were not entitled to a declaration of their rights.
The salient facts are as follows: The appellee and the appellant-trustee each own 17 1/2 shares of the capital stock of Crespi Rambler, Inc. The appellant, E.C. Frederickson, owns 15 shares of such stock. On or about December 27, 1960, the appellants and the appellee entered into a written stockholders' agreement which provides in part as follows:
"If any of the parties hereto shall desire to buy the stock owned by any other party to this Agreement, or any successor thereof, he shall give written notice of such intention to the other stockholder by certified mail, return receipt requested, and such notice shall contain the purchase price for the stock and the terms of the offer. Any offer to buy must include all of the stock owned by the offerees. The offerees shall have thirty days within which to accept or reject said offer. In the event the said offer is rejected, the offeree shall have the right to counter-offer to purchase all of the stock owned by the original offerer at the same price and upon the same terms set forth in the original offer. In the event the recipient of the original offer to purchase exercises the right granted him by the sub-paragraph, to-wit: the right to counter-offer to purchase at the same price and upon the same terms; then and in that event, the original offering stockholder must sell to the recipient of the original offer at the same price and upon the same terms stated in the original offer to purchase."
On April 20, 1961, or thereabouts, appellee orally offered to purchase all of the appellants' stock interest in Crespi Rambler, Inc., for a total consideration of $10,000 cash. The appellants within 30 days refused the offer and exercised their alleged right to counter-offer by seeking to buy the appellee's stock at the same price per share and upon the same terms as contained in the original offer by the appellee. The counter-offer was confirmed in writing by a letter sent by certified mail, return receipt requested.
The determinative question is whether one alleging to be in doubt as to its rights under a written instrument because of the effect of extrinsic facts on such instrument, is entitled to a declaration of rights even though the written instrument is clear and unambiguous on its face.
The Supreme Court in Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445, set forth the rule which we find to be decisive in the case at bar. The court stated at page 447:
"* * * The right to utilize our declaratory decree statute does not depend upon the existence of an actual controversy but depends upon whether or not the movant shows that he is in doubt as to the existence or non-existence of some right, status, immunity, power or privilege, that he is entitled to have such doubt removed, and, if circumstances warrant it, obtain appropriate and necessary relief. Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808; Caldwell v. North, 157 Fla. 52, 24 So.2d 806."
See also Jackson Tom, Inc. v. Carlton, Fla.App. 1961, 133 So.2d 752; North Shore Realty Corporation v. Gallaher, Fla.App. 1957, 99 So.2d 255; Banyan Cafeterias, Inc., #3, v. The Faith Lutheran Church of Hialeah, Florida, Fla.App., 3rd District, 141 So.2d 5.
*825 The mere fact that the contract is clear and unambiguous on its face does not prevent one from seeking a declaration of his rights under such contract where there exist extrinsic facts which would affect the clear and unambiguous language of the written agreement. Accord, Fraser v. Cohen, 1947, 159 Fla. 253, 31 So.2d 463, 467.
This opinion shall in no way be determinative of what rights or relief, if any, appellants are entitled to. We do no more than hold that the appellants are entitled to have a judicial declaration as to their rights in the instant case.
Reversed.