BARKDULL, Chief Judge.
Appellant, as plaintiff, instituted a chancery action seeking a declaratory decree of a certain notice forwarded to him by the appellee Board, to which complaint was filed a motion to dismiss for failure to state a cause of action. On said motion, the chancellor entered a final order of dismissal. The appellant seeks reversal of this order, and contends that it was erroneously entered by the chancellor in that it failed to award him a declaratory decree.
We agree with this contention. It is apparent from the allegations of the complaint which, on a motion to dismiss, must be taken as true [see: Bartholf v. Bartholf, Fla.App.1959, 108 So.2d 905; Jackson Tom, Inc. v. Carlton, Fla.App.1961, 133 So.2d 752]; that there was a real controversy between the appellant and the appellee and, as such, the plaintiff was entitled to a declaration of his rights pursuant to the provisions of Ch. 87, Fla.Stat. F.S.A. It is apparent from the chancellor’s order that he determined that the plaintiff could not prevail upon a final hearing. However, dismissing such a cause does not provide any determination of a plaintiff’s rights. See: May v. Holley, Fla.1952, 59 So.2d 636; 9 Fla.Jur., Declaratory Actions, § 48. The test of activation of jurisdiction to receive a declaratory decree is not whether the plaintiff will prevail, but whether he states a cause within the requirements of the statutes which warrants a judicial declaration of rights. *730 See: Rosenhouse v. 1950 Spring Term Grand Jury, etc., Fla.1952, 56 So.2d 445; North Shore Realty Corporation v. Gallaher, Fla.App.1957, 99 So.2d 255.
Therefore, the order here under review is reversed, and this cause is remanded with directions to the chancellor to require the appellees-defendants to respond to the complaint.
Reversed and remanded with directions.