McCAIN, Judge.
This is an appeal by the plaintiffs, Brow-ard County and the State Road Department, from a final decree dismissing with prejudice their amended complaint for declaratory relief against defendants, Samuel S. Lerer et al.
In 1912 the Palm Beach Farms Company recorded Plat No. 3 dividing certain lands into blocks and the blocks into tracts. The plat provided for the use of certain portions of the land as follows:
“1. Reservation for ditch purposes of strip 60 feet wide adjoining on the east the range line between Ranges 41 and 42 East, except in Block 67 where said reservation adjoins said range line on the west, and at township line between Twps. 48 and 49 South, where said reservation adjoins said township line on the south as shown on Sheet No. 10.
“2. Reservation for road purposes of strip 25 feet wide on each side of said ditch reservation except where the Company’s land shown hereon borders said ditch reservation on one side only, and in such case on that side.
“3. Reservation for road, dyke and ditch purposes of the other strips marked ‘Road’ on this plat, said reservations being 50 feet in width between Blocks, 30 feet in width within Blocks and 25 feet in width where adjoining the exterior lines of the two school sections 16 lying wholly within the Company’s lands shown hereon, and also between the nearest Block line and the exterior boundary line of said lands where not coincident with the range or township line aforesaid.
“4. The Company hereby dedicates to public use as public roads all reservations so made in paragraphs 2 and 3 hereof subject to such use thereof for ditch and dyke purposes as may be consistent with such public use for road purposes.”
Contending that the ditch reservation in paragraph 1 evidences an intention to dedicate to the public, the plaintiffs sought a declaratory decree determining their rights, if any, in the land therein described. Plaintiffs allege their desire to improve an existing road which now occupies a portion of the strip, which improvement would result in a more extensive utilization of the strip in question. The complaint states that plaintiffs are in doubt as to their legal rights, vis-a-vis the defendants’, that they have no adequate remedy at law, and pray for a declaration construing the plat and determining the legal rights of plaintiffs relative to their status, powers, privileges and use of said land for road purposes.
Upon motion the trial court dismissed plaintiffs’ amended complaint with prejudice, finding that it did not state a claim upon which relief could be granted. In so holding the court looked to the merits of the cause and determined that there was no ambiguity present, that the language of the plat clearly indicated an offer of dedication only as to the lands described in paragraphs 2 and 3, and that even if there were an offer of dedication of the land in paragraph 1 it was for ditch purposes only and could not be used for road purposes without a proper condemnation proceeding.
Although the reasoning of the trial court is not without logic, we reverse. In determining the sufficiency of a complaint for a declaratory judgment the test is not whether the plaintiff will be able to prevail on a final hearing, but whether he is entitled to a declaration of his rights at all. Hankins v. Title and Trust Company, Fla. *674 App.1964, 169 So.2d 526; Johnson v. Thoburn, Fla.App.1964, 160 So.2d 729.
In the case now before us the trial court in effect ruled against the plaintiffs on the merits. This was improper on the motion to dismiss. A reservation of land does not necessarily preclude a dedicatory intention. See 10 Fla.Jur., Dedication, § 25.
The plat in question reveals that the land described in paragraph 1, labeled “canal reservation”, varies in width from south to north, and contains the 'express notation:
“Reservations that do not conform strictly with the general statements of the dedication are plainly labeled on the plat.” (Emphasis added.)
It is clear in this instance the dedicator used the words reservation and dedication interchangeably.
A plat is a written instrument and must be construed as a whole. Every part is to be given effect and construed fairly and reasonably if we are to determine the intention of the dedicator. North Lauderdale Corporation v. Lyons, Fla.App. 1963, 156 So.2d 690.
If the allegations of plaintiffs’ complaint when considered as a whole are taken as true it is apparent that they have at least alleged a bona fide controversy such as entitles them to a declaration of rights under F.S.A. ch. 87. Johnson v. Thoburn, supra. Plaintiffs should be afforded the opportunity to show that circumstances in the instant case warrant a conclusion that Palm Beach Farms Company did in fact intend to offer to dedicate the strip described in paragraph 1.
Reversed and remanded.
WALDEN, C. J., and MASON, ERNEST E., Associate Judge, concur.