339 So.2d 637 (1976)
In re FLORIDA BOARD OF BAR EXAMINERS.
In re Virgil Darnell HAWKINS.
No. 48311.
Supreme Court of Florida.
November 12, 1976.
*638 James A. Shook of the Law Offices of Victor J. Musleh, Ocala, for petitioner.
Richard C. McFarlain, Tallahassee, for The Florida Bar, amicus curiae.
PER CURIAM.
This cause is before us to review a petition for admission to The Florida Bar pursuant to the so-called "diploma privilege" which once was extant in this state. Mr. Hawkins' request is opposed by The Florida Bar, which nonetheless commendably concedes his claim on this Court's conscience and suggests that we waive certain bar admission requirements and allow him to take the Florida bar examination. The Florida Board of Bar Examiners takes no position in this matter. Oral argument has been requested, but our review of the entire record discloses no reason to grant the request.
It is unnecessary to recite in detail the historical chronology of Mr. Hawkins' attempts to obtain admission to the practice of law in Florida. The entire episode is fully set out in the official reports of this Court and the United States Supreme Court.[1]
We have carefully reviewed Mr. Hawkins' petition, the record of prior proceedings in this Court in which he was a party, the totality of circumstances affecting his prior application for law school admission and his current application for bar admission, and all relevant decisions of the United States Supreme Court. Based on these materials, and under the power conferred on us in Article V, Section 15 of the Florida Constitution, we hold that the bar examination and the law school graduation requirements of our bar admission rules are waived for Mr. Hawkins. As with all bar applicants, however, we cannot and do not waive the requirement that Mr. Hawkins demonstrate good character and moral fitness. Moreover, we cannot ignore the interests of the public insofar as they may be affected by Mr. Hawkins' absence from the practice of law or law-related activities.
To meet the character requirement we direct the Florida Board of Bar Examiners to inquire into Mr. Hawkins' character and fitness and to file its report with the clerk of this Court on or before December 15, 1976, and in the absence of a showing that Mr. Hawkins does not meet the standards *639 of character and fitness required for attorneys in this state he shall be admitted to The Florida Bar. Notwithstanding such admission, however, and so that the public is protected should Mr. Hawkins elect to engage in the active practice of law, we direct that he shall not appear in any court or otherwise engage in the practice of law as a member of The Florida Bar until he presents evidence satisfactory to this Court that he has (1) attended the pre-induction "Bridging the Gap" seminar for new lawyers presented periodically by the Young Lawyer's Section of The Florida Bar and (2) successfully completed an internship period of at least six months under the supervision of an active member of The Florida Bar in good standing, devoting not less than twenty hours per week to the study of Florida law and procedure in this manner.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] State ex rel. Hawkins v. Board of Control, 47 So.2d 608 (Fla. 1950); State ex rel. Hawkins v. Board of Control, 53 So.2d 116 (Fla.), cert. denied, 342 U.S. 877, 72 S.Ct. 166, 96 L.Ed. 659 (1951); State ex rel. Hawkins v. Board of Control, 60 So.2d 162 (Fla. 1952), vacated and remanded, 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112 (1954); relief upon mandate withheld, 83 So.2d 20 (Fla. 1955), mandate recalled and modified, cert. denied, 350 U.S. 413, 76 S.Ct. 464, 100 L.Ed. 486 (1956), relief upon mandate withheld, 93 So.2d 354 (Fla.), cert. denied without prejudice, 355 U.S. 839, 78 S.Ct. 20, 2 L.Ed.2d 49 (1957).