444 So.2d 961 (1984)
THE FLORIDA BAR, Complainant,
v.
Virgil D. HAWKINS, Respondent.
No. 61941.
Supreme Court of Florida.
January 26, 1984.
John F. Harkness, Jr., Executive Director, Tallahassee, Stanley A. Spring, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Virgil D. Hawkins, in pro. per.
PER CURIAM.
This cause is before us on a petition of The Florida Bar for review of a referee's report and recommendation. We have original jurisdiction. Art. V, § 15, Fla. Const.
Respondent is a seventy-six-year-old sole practitioner with no prior record of disciplinary convictions or grievances filed. He has been a member of The Florida Bar since 1977 having been admitted by order of the Supreme Court of Florida waiving bar examination and law school graduation requirements. In re Florida Board of Bar Examiners, 339 So.2d 637 (Fla. 1976).
A complaint was filed against respondent with The Florida Bar arising out of respondent's handling of a felony trial. The Bar Grievance Committee found probable cause that respondent had violated Disciplinary Rule 6-101(A)(1) of The Florida Bar Code *962 of Professional Responsibility by undertaking to handle a legal matter in an area in which he lacked competency, criminal defense; that respondent had violated Disciplinary Rule 6-101(A)(3) by neglecting a legal matter, failing to convey an offered plea bargain to his client; and that respondent had violated Disciplinary Rule 1-102(A)(4) by engaging in conduct involving misrepresentation; Disciplinary Rule 1-102(A)(5) by engaging in conduct prejudicial to the administration of justice; Disciplinary Rule 7-102(A)(3) by failing to disclose that which he was required by law to reveal; and Disciplinary Rule 7-102(B)(2) by failing to reveal a known fraud upon a tribunal by one other than his client, all stemming from respondent's allowing the victim's ex-wife to testify under her previous married name without disclosing her marriage to the defendant.
The Court appointed a referee to hear the matter. The referee recommended that respondent be found guilty of violations of Disciplinary Rules 6-101(A)(1), 1-102(A)(4), 1-102(A)(5), 7-102(A)(3) and 7-102(B)(2). He recommended a finding of not guilty of violation of Disciplinary Rule 6-101(A)(3), finding insufficient evidence to support a finding that respondent had failed to convey an offer of a negotiated plea. The referee also stated, "I do not believe that any of his [Hawkins's] actions were undertaken with the intent to deceive the court but resulted from a lack of experience."
As discipline, the referee adopted Bar counsel's recommendation that respondent receive a public reprimand, be placed on probation for a period of two years, during which time respondent shall not undertake the defense of any client in a criminal matter, be required to take thirty hours of Continuing Legal Education courses in criminal law, half in criminal procedure, before he undertakes any further criminal representations and that respondent associate competent co-counsel on the first five criminal cases undertaken thereafter and that he pay the costs of the proceedings. Respondent and his counsel agreed to the terms of probation and respondent did not contest the report and recommendation.
The Board of Governors of The Florida Bar approved the Findings of Fact in the report, but contests the recommended disciplinary action. The Board petitions the Court to impose a three-month-and-one-day suspension from all practice of law with proof of rehabilitation required prior to reinstatement, to be followed by a two-year probationary period during which respondent would be required to complete thirty hours of Continuing Legal Education courses in criminal law, half in criminal procedure, before he could undertake any criminal representation, that respondent associate competent co-counsel for at least five civil cases as well as five criminal cases before undertaking sole representation, and that respondent pay the assessed costs.
The findings of fact of the referee appointed to hear this matter are entitled to the same presumption of correctness as the judgment of the trier of fact in a civil proceeding. Fla. Bar Integr. Rule, art. XI, Rule 11.06(9)(a). In light of the findings of fact contained in the referee's report, we find no justification for the imposition of the punishment requested by the Board of Governors. Respondent has been found guilty of incompetence in the handling of a felony case. The recommended discipline protects society without depriving it of the services of the respondent in civil matters. The respondent is punished, through a public reprimand and two years' probation during which he cannot practice criminal law, but he is also rehabilitated through the requirement that he attend appropriate Continuing Legal Education seminars and associate competent counsel for five criminal cases. Attorneys who may encounter the same difficulties will be deterred from wrongdoing and instructed as to appropriate remedial measures. The referee's recommendation serves all the goals of attorney discipline enunciated in The Florida Bar v. Pahules, 233 So.2d 130 (Fla. 1970).
Therefore, Respondent Virgil Hawkins is hereby publicly reprimanded and placed on *963 probation for a period of two years. He shall not undertake the defense of any client in a criminal matter during the period of probation. Additionally, respondent will not undertake the defense of any client in a criminal matter until he has completed thirty hours of Continuing Legal Education courses in criminal law, at least half of which shall deal with criminal procedure. Before undertaking sole representation of any client in a criminal matter, he shall associate himself with competent counsel for at least five criminal cases. Respondent is taxed for costs in the amount of $583.59.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.