PER CURIAM.
This disciplinary matter is before the Court on petition of Virgil D. Hawkins for leave to resign from The Florida Bar. The Florida Bar has responded in support of this petition on the condition that Hawkins acknowledge the existence of a misappropriation disciplinary action pending against him. He has done so in his amended petition for leave to resign.
Hawkins was admitted to The Florida Bar in November 1976. In 1984, he was publicly reprimanded and placed on two years’ probation for incompetently handling a criminal case and for engaging in conduct involving misrepresentation. The Florida Bar v. Hawkins, 444 So.2d 961 (Fla.1984). In 1984, he also received a public reprimand and was suspended for ten days for practicing law while suspended for nonpayment of dues and engaging in conduct involving misrepresentation. The Florida Bar v. Hawkins, 450 So.2d 483 (Fla.1984). Pending disciplinary proceedings against him include Supreme Court Case No. 65,410 presently before this Court on report of the referee recommending a sixty-day suspension for incompetently handling a legal matter, for neglect, and for engaging in conduct involving misrepresentation. Further, the Fifth Judicial Circuit Grievance Committee “B” found probable cause on December 6, 1984, for Hawkins’ incompetent handling of a Veterans Administration guardianship matter, misappropriation of an estimated $15,000, and refusal and failure to account for funds entrusted to him.
The Bar states that acceptance of this petition will not adversely affect the public interest, undermine the purity of the courts, or hinder the administration of justice or the confidence of the public in the legal profession.
Having reviewed this matter and determined that the requirements of article XI, rule 11.08 of the Integration Rule of The Florida Bar are fully satisfied, we approve the amended petition for leave to resign, effective immediately.
It is so ordered.
ADKINS, A.C.J., and ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.