PER CURIAM.
Harley Scott Herman, an attorney, files this petition which seeks posthumously to reinstate Virgil Darnell Hawkins to The Florida Bar. We have jurisdiction under article V, section 15, Florida Constitution.
In 1949, Virgil Hawkins, a forty-one-year-old black man, was denied admission to the University of Florida Law School because of his race. He filed suit, but the Florida Supreme Court refused to admit him on the premise that a “separate but equal” law school was in the process of being established at Florida Agricultural *670 and Mechanical University to accommodate Hawkins and other black law students in Florida. State ex rel. Hawkins v. Board of Control, 47 So.2d 608 (Fla.1950).[1]
In 1956, the United States Supreme Court ordered that Hawkins was “entitled to prompt admission [to the University of Florida Law School] under the rules and regulations applicable to other qualified candidates.” However, the Florida Supreme Court refused to admit Hawkins to the University of Florida because of the potential for “great public mischief” the admission of blacks to white state schools might cause. State ex rel. Hawkins v. Board of Control, 93 So.2d 354 (Fla.), cert. denied, 355 U.S. 839, 78 S.Ct. 20, 2 L.Ed.2d 49 (1957). The public mischief referred to in the opinion consisted of threats by white parents to cause their children to drop out of or transfer to schools other than Florida’s white state schools if blacks were allowed to attend.
After unsuccessful attempts to obtain additional relief from the United States Supreme Court, Hawkins attended law school in Boston but was denied permission to take the Florida Bar exam because the law school was unaccredited. Finally, in 1976, this Court ordered that Hawkins be admitted to The Florida Bar without having to take the bar exam in an attempt to remedy the injustices of the past. In re Board of Bar Examiners, 339 So.2d 637 (Fla.1976).[2]
Consequently, it was not until 1977, at the age of sixty-nine, that Virgil Hawkins opened his law office in Leesburg. He seldom turned away an indigent client in need. However, his advanced age and lapse of years since attending law school, the loss of a quality law school education, and the strain of practice as a sole practitioner made the successful practice of law difficult. He ultimately faced disciplinary proceedings for matters arising out of his practice. Unable to afford counsel, on one occasion he appeared before the Florida Supreme Court in proper person and pleaded, “When I get to heaven, I want to be a member of The Florida Bar.” Finally, in the words of the petitioner in this cause, “Worn and weary from the struggles of the last half of his life, and still unable to retain counsel, Hawkins put down his sword, and attempted to leave the battlefield.” Hawkins filed a petition to resign from The Florida Bar which was accepted by this Court on April 18, 1985. Hawkins died on February 11, 1988.[3]
Numerous attorneys throughout the state have joined in this petition. According to the petition, posthumous readmission for Hawkins is sought for the following reasons: *671 tally handle the challenges of the legal profession.
*670 To recognize the unique contribution Hawkins made to the State of Florida and the interests of justice, in his efforts to desegregate the universities of the State of Florida.
To provide a means for restoring the importance of this contribution, so that the errors in judgment made by Hawkins in his unsuccessful attempt to begin to practice law as a man in his seventies, do not overshadow the value of his service to humanity.
To recognize that by remaining the plaintiff in the suits brought to achieve justice, Hawkins sacrificed his opportunity to practice law while he was still young enough to physically and men-
*671 To recognize that the actions of the State of Florida in refusing to comply with the lawful orders of the United States Supreme Court caused irreparable harm to Hawkins, and that extraordinary remedial measures should be considered in light of the unavailability of other adequate remedies.
To recognize that while the actions that led to Hawkins resignation are not condoned, the denial of an equal education, the years elapsing from Hawkins’ graduation from an unaccredited law school until the time he began to practice law, and the difficulties involved in attempting to practice law as a sole practitioner, without prior experience and at an advanced age, substantially diminished Hawkins’ ability to successfully practice law, and in all probability, substantially contributed to his errors in judgment.
To recognize that the survival of democracy and justice in this country and the world requires individuals to take action at various times in history, similar to those taken by Hawkins, and that recognition of his noble efforts through posthumous readmission to The Florida Bar can serve to motivate others to allow the good of the many to outweigh individual needs, and to sacrifice the pursuit of happiness, so that others will enjoy a better world.
At the request of this Court, The Florida Bar filed a reply to the admission in which it stated that the petition for readmission of Hawkins does not come within the purview of the Rules Regulating The Florida Bar. The Florida Bar further noted that “special recognition of the unique contributions of Virgil Darnell Hawkins in opening the practice of law in Florida to persons of all races is quite appropriate and timely.” The Florida Bar concluded:
His posthumous reinstatement as a member of The Florida Bar is an appropriate means of recognition and The Florida Bar supports the granting of such relief and such other relief or recognition as the court deems appropriate.
Upon consideration, this Court has determined that the petition for reinstatement should be granted. This decision sets no precedent because it is unique. Hawkins’ struggle for equal justice under the law should be memorialized. Hawkins is entitled to be recognized for his contribution to our state in the manner that he would have most desired had he lived. Though not controlling, we also note that he would have been eligible to apply for readmission after April 18, 1988, if he were now living. Rule 3-7.9(m), Rules Regulating Fla.Bar.
Accordingly, we hereby posthumously reinstate Virgil Darnell Hawkins as a member of The Florida Bar in good standing.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
No Motion for Rehearing will be allowed.

.The subsequent history of this case is: State ex rel. Hawkins v. Board of Control, 53 So.2d 116 (Fla.), cert. denied, 342 U.S. 877, 72 S.Ct. 166, 96 L.Ed. 659 (1951); State ex rel. Hawkins v. Board of Control, 60 So.2d 162 (Fla. 1952), vacated and remanded, 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112, (1954); relief upon mandate withheld, 83 So.2d 20 (Fla. 1955), mandate recalled and modified, cert. denied, 350 U.S. 413, 76 S.Ct. 464, 100 L.Ed. 486 (1956), relief upon mandate withheld, 93 So.2d 354 (Fla.), cert. denied without prejudice, 355 U.S. 839, 78 S.Ct. 20, 2 L.Ed.2d 49, (1957).

. A comprehensive analysis of the litigation which finally led to Hawkins’s admission to The Florida Bar may be found in an article entitled Desegregating the University of Florida Law School: Virgil Hawkins v. The Florida Board of Control, at 12 Florida State University Law Review 59 (1984).

. The information contained in this opinion concerning Mr. Hawkins’ personal life was obtained from a letter filed by petitioner and contained in volume 15, number 6, of The Florida Bar News (March 15, 1988).