239 So.2d 73 (1970)
Hazel C. MAY and Ralph Geilich, Appellants,
v.
UNITED STATES LEASING CORPORATION, a Corporation, and Television Improvement Corporation, a Corporation, Appellees.
No. 69-232.
District Court of Appeal of Florida, Fourth District.
July 14, 1970.
Rehearing Denied September 18, 1970.
*74 William C. Potter, of Williams, Geilich & Potter, Melbourne, for appellants.
Kenneth L. Ryskamp, of Bolles, Goodwin, Ryskamp & Ware, Miami, and Irving Nathanson, Cocoa, for appellee United States Leasing Corp.
LaMOTTE, STEWART, F., Jr., Associate Judge.
This is an appeal from the Court of Record of Brevard County. The appellants, Hazel C. May and Ralph Geilich, were defendants below and filed this timely appeal from a summary final judgment entered by the court in favor of the plaintiff, United States Leasing Corporation, in a cause of action for damages alleging a breach of a lease involving certain furniture and office equipment and seeking damages against the lessor and the guarantors.
This cause commenced with a complaint for a balance due under a lease of furniture. The defendants answered with an affirmative defense that the contract was usurious and later moved to amend to include a defense of breach of implied warranty. After the filing of affidavits, the court granted the plaintiff's motion for summary judgment and this appeal was timely filed from the judgment. The complaint alleges that defendant, Television Improvement Corporation (TVIC), a Florida corporation, entered into a lease agreement with the plaintiff on November 19, 1963, which lease involves certain furniture and office equipment and that the codefendants, Hazel C. May and Ralph Geilich, guaranteed performance. The complaint alleged the total of $1,600.35 due and that the lease was governed by the laws of California.
Defendants answered that TVIC had purchased the office furniture and equipment from Melbourne Office Equipment of Melbourne, Florida, or a total price of $1,271, and that at the time of purchase, Melbourne Office Equipment suggested to TVIC that the purchase price could be paid in installments by financing the sale with the plaintiff, and that in accordance with that suggestion, the lease agreement was entered into providing for 52 monthly payments of $34.69 for a total of $1,803.88 The first payment to commence on January 10, 1964. That after having made eight payments, TVIC informed Melbourne Office Equipment that it wished to pay off the balance due on the equipment and requested that it furnish a pay-off figure.
That thereafter on December 22, 1964, Melbourne Office Equipment gave TVIC a letter from the plaintiff advising that the amount necessary to pay off the contract was $1,604.73.
The answer then sets forth the affirmative defense that the lease was a contrivance or device by the plaintiff to make the sale by Melbourne Office Equipment appear to be a lease when in fact it was a method of financing a sale and that the amount financed was $1,271; that the defendants had paid $281.52, and yet the plaintiff was still demanding $1,604.73. The answer further alleged that the plaintiff willfully and knowingly was demanding a sum greater than 25 per cent per annum upon the debt owing.
The answer further alleged that the entire transaction was conducted with Melbourne Office Equipment in Melbourne, Florida, and without any contact with the plaintiff, and that Melbourne Office Equipment represented to the defendants that the lease was merely a financing arrangement and that any time it could be terminated by paying the unpaid balance of the principal plus interest.
The plaintiff moved for summary judgment upon an affidavit of its assistant treasurer who merely stated that he was familiar with the "books and business," but there is no allegation that the affiant had personal knowledge of the transaction. Defendants filed the affidavit of Hazel C. May, an officer of TVIC, based upon personal *75 knowledge in opposition to the motion for summary judgment. The affidavit avers that TVIC purchased the office furniture from Melbourne Office Equipment and that after TVIC had taken delivery, Melbourne Office Equipment told TVIC that the purchase price could be financed and that it was financed through the lease device. On this motion for summary judgment, the court had to assume that facts were true that were not actually substantiated by the evidence or by the affidavits.
The court erred in ruling as a matter of law that the entire transaction was governed by the law of California. In view of the admitted fact that the entire transaction took place in Florida, the court could not summarily rule that the contract was governed by foreign law. The court had to determine a question of fact. Was it a bona fide transaction, and did the parties act in good faith?
"Where the parties have expressly designated the governing law, the only question for the court is whether they acted in good faith or in bad faith for the purpose of evading the law of the place to which their contract is really referable. The qualification as to good faith narrows the choice of laws to those prevailing at the places which are the situs of one or more of the important elements or significant circumstances of the transaction. Effect will be given to the intention of the parties only so far as that intention is directed to the law of the place that has a real and vital, and not merely fictitious, connection with the transaction." 45 Am.Jur.2d., Interest and Usury, § 21.
The court had to determine as a question of fact which state had a real and vital connection with the transaction. Despite the fact that the entire transaction involved the use of furniture or the loan of money in Florida, that the entire subject matter concerned only use in Florida, and that the contract was negotiated exclusively in Florida by plaintiff's agent in Florida, the court as a matter of law determined the situs of the contract. This was a question of fact and not of law. This was not a matter for summary judgment.
The cases are legion in Florida and in all jurisdictions that a court in determining whether or not a contract is usurious will disregard its form and look to the substance of the transaction:
"A charge of usury may be interposed as a defense, even though it contradicts the written agreement, since parol evidence is admissible to show that an agreement in writing as drawn is a mere subterfuge * * *." 33 Fla.Jur., Usury, § 59.
The case of American Acceptance Corporation v. Schoenthaler, 5 Cir.1968, 391 F.2d 64, said:
"The reasoning of the lower court was that Florida law requires examination of the substance of the transaction rather than the mere form to determine usury."
The court also overlooked F.S. Chapter 697, F.S.A., which provides that any instrument given for the purpose of securing the payment of money shall be deemed a mortgage. Since it is the admitted fact that the furniture had been sold to TVIC and that after the sale, a lease was executed at the suggestion of the seller to finance the sale, the court should have ignored the parol evidence rule and looked to the intent of the parties to see if the purpose of the entire transaction was to secure the payment of money. Jones v. White, Fla.App. 1962, 144 So.2d 1; Smith v. Biscayne Park Estates, Fla. 1949, 42 So.2d 442; Thomas v. Thomas, Fla. 1957, 96 So.2d 771.
For the reasons set forth above, the summary final judgment is reversed and this cause remanded for further proceedings.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.