342 So.2d 983 (1977)
Louise J. WELLS, Appellant,
v.
Irvin FREEDMAN et al., Appellees.
Nos. 75-1985, 76-89.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied February 25, 1977.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and David J. White, Miami, for appellant.
Leo Greenfield, North Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
By these consolidated appeals, Louise Wells, plaintiff in the trial court, appeals from an adverse summary final judgment in favor of the defendants, Irvin Freedman, Outrigger Club, Inc. and Biscayne West, Inc. Defendants appeal the trial court's denial of their petition for an award of attorney's fees.
*984 Plaintiff sued on a promissory note executed by the defendants in the sum of $150,000.00. Defendants responded to the complaint alleging affirmative defenses, inter alia, that the note sued upon was usurious and unenforceable under Sections 687.02, 687.03 and 687.071(7), Florida Statutes. In support of this contention, defendants alleged that the original loan bore interest thereon at the rate of ten per cent (10%) per annum; that plaintiff demanded and received $7,521.00 as an additional bonus for the $150,000.00 loan, which sum was evidenced by a promissory note executed on the same date as the original loan; that plaintiff and defendants Irvin Freedman and Outrigger Club, Inc., entered into an agreement whereby plaintiff would forbear from collecting the $150,000.00 note on its due date, February 4, 1974, and extend the term of the loan until May 30, 1974;[1] that for this extension and forbearance, plaintiff required an additional $12,000.00.
Plaintiff replied to the affirmative defenses, denying the validity of the forbearance agreement and alleging that the $7,521.00 represented back taxes owed to the plaintiff by defendant Freedman.
The trial court found no genuine issues of material fact and entered summary final judgment declaring plaintiff's $150,000.00 note unenforceable under Section 687.071(7), Florida Statutes. A judgment for the defendants was entered against plaintiff in the sum of $21,042.00, which represented a penalty of double interest pursuant to Section 687.04, Florida Statutes, together with a judgment for plaintiff on defendants' counterclaim for attorney's fees under Section 687.04, Florida Statutes.
In reviewing the record, which is comprised of depositions, affidavits and exhibits, plaintiff's affidavits allege mutual fraud and mistake by defendants as to the forbearance agreement and facts supporting plaintiff's contention that the $7,521.00 note was given as payment for back taxes.
We reverse and hold that there are present issues of material fact remaining to be tried in this cause. Usury is ordinarily an issue of fact to be determined at trial. Kellerman v. Siegal, 319 So.2d 581 (Fla.3d DCA 1975). Moreover, usury is largely a matter of intent, and the fact that the lender has received more than the law permits is not fully determinative of this issue. Dixon v. Sharp, 276 So.2d 817, 820 (Fla. 1973). In the instant case, factual disputes exist as to the $7,521.00 note and the forbearance letter. Accordingly, we reverse the summary judgment.
While the question of attorney's fees raised herein may ultimately be rendered moot, depending upon the outcome of the trial, we agree with the trial court's judgment that attorney's fees are not authorized under Section 687.04, Florida Statutes.
Affirmed in part and reversed in part.
NOTES
[1] From the face of the extension agreement itself, it appears that the term of the note was extended until March 31, 1974, at which time part payment of the principal was to be made, with the remaining principal and accrued interest payable thirty days thereafter. Further, it appears that the extension agreement was executed by Biscayne West, Inc.