347 So.2d 649 (1977)
BELLA ISLA CONSTRUCTION CORPORATION, a Puerto Rico Corporation, Appellant,
v.
TRUST MORTGAGE CORPORATION, a Puerto Rico Corporation, and First Chicago Corporation, a Delaware Corporation, Appellees.
No. 76-873.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Rehearing Denied July 27, 1977.
*650 Turner, Hendrick, Guilford, Goldstein & McDonald and S. Alan Stanley, Coral Gables, for appellant.
Mahoney, Hadlow & Adams and John K. Aurell, Mershon, Sawyer, Johnston, Dunwody & Cole and H. Michael Madsen, Miami, for appellees.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
In the action filed by Bella Isla Construction Corporation against Trust Mortgage Corporation and First Chicago Corporation, the plaintiff sought a judgment declaring a certain loan, made to it by Trust Mortgage Corporation, a Puerto Rico corporation, to be usurious under Florida law, and that the making of the loan in Puerto Rico was a device to evade the Florida usury law; and the complaint sought affirmative relief predicated thereon. On motions of the defendants to dismiss, an order was entered dismissing the cause with prejudice. The plaintiff appealed.
Appellant argues the court erred in holding the complaint failed to state a cause of action, and appellant assigned as error and argues the court erred in dismissing the cause with prejudice and in not allowing plaintiff to further amend. Appellant also contends to be error the holding (not stated in the dismissal order, but which would appear to be inherent therein) that the law of Puerto Rico (under which the loan would not be usurious) is controlling on the obligation, and that the loan as made did not constitute a contrivance or device to evade the Florida usury law. The order did not state the ground or grounds upon which the trial court based the dismissal with prejudice.
Appellees contend the dismissal with prejudice was correct because the complaint showed the loan was made, and was to be repaid in Puerto Rico, between corporations resident there, and recited choice of law of Puerto Rico, and therefore is controlled by the law of that jurisdiction, and because the facts alleged were sufficient, as a matter of law, to refute the claim alleged by the plaintiff that the Puerto Rican loan was a contrivance or device to evade the Florida usury law.
The plaintiff corporation was the borrower. The defendant Trust Mortgage Corporation, herein referred to as TMC, was the lender. The defendant First Chicago Corporation, a Delaware corporation, is the lender's pledgee-assignee of the obligation and the security therefor, and was alleged to have taken such assignment with knowledge of the alleged infirmity.
It was alleged that Trust Chicago Corporation had extended credit of $5,000,000.00 to TMC for use by the latter in making *651 loans secured by Florida property; and that such money was used in making the loan to plaintiff.
Summarized, the transaction alleged was the following. TMC is a corporation organized under the law of Puerto Rico, and has its principal office and place of business in Puerto Rico. It maintained a business office in Miami, Florida. An investor, Louis F. de la Cruz, in Miami, made arrangements to purchase a tract of land located in Dade County, Florida, for $1,250,000.00. Before making the purchase de la Cruz and TMC, in Miami, arranged for the loan to be made by TMC, for use in part payment for the land and for construction of improvements planned therefor. Prior to closing the sale it was required by TMC that de la Cruz should form a Puerto Rican corporation to which the title would be conveyed, and to which corporation TMC would make the loan, in the amount of $1,527,000.00. By a representative of TMC in Miami, de la Cruz was informed it would be necessary for him to proceed to Puerto Rico, at the expense of TMC, to effectuate the formation of a corporation in Puerto Rico, to which the loan would be made there. The documents for incorporation of the plaintiff corporation were prepared in Puerto Rico by attorneys of TMC, at the expense of TMC. On a one day trip to Puerto Rico, de la Cruz there signed the documents necessary in the formation of the plaintiff corporation, of which he became president and sole stockholder. At that time a promissory note evidencing the $1,527,000.00 loan was made by the newly formed plaintiff corporation to TMC. The note provided that payment thereof was to be made in Puerto Rico, and specified that the law of Puerto Rico would apply thereto, except that Florida law would apply to any needed foreclosure in Florida of mortgaged property to TMC as security for the loan. The note called for payment of interest at the rate of 15% per annum. However there were some additional requirements, including payment by the borrower of a $200,000.00 bonus whereby the interest charged exceeded 15% per annum. To comply with the bonus request plaintiff gave TMC a note for said sum, secured by a second mortgage on the property. As thus made the loan was not usurious under the law of Puerto Rico. On the same date the parties entered into a 15-page construction loan agreement in Puerto Rico. After formation of the plaintiff corporation and execution of the loan note and the construction loan agreement, a closing of the de la Cruz land purchase was held in the Miami office of TMC (at which de la Cruz was present and where he first met the seller) and thereupon title to the property upon which the improvement was to be made was taken in the name of the plaintiff corporation, which then gave the seller a purchase money mortgage of $800,000.00.
The complaint alleged the transaction constituted a contrivance or device to evade the Florida usury law, and, as stated above, sought a judgment so declaring.
The appellant recognizes that under the doctrine of conflict of laws Puerto Rican law would control the rights and obligations of the parties with respect to a note made there and to be performed there, with a recital of choice of the law of that place. But appellant contends the fact that a loan evidenced by such a note is so made in another state or country will not insulate the loan against a charge that it violates the usury law of Florida if in fact the loan transaction constituted a contrivance or device to evade the Florida usury law.
In May v. United States Leasing Corporation, 239 So.2d 73 (Fla.4th DCA 1970), in an action to recover on a written obligation for deferred payment incurred in connection with the purchase of certain furniture in Florida, in which the document involved specified the law of California would govern, the defendant pleaded usury. The basis of that defense was that the obligation (not usurious under California law, but which would be usurious under Florida law) was subject to the usury law of Florida because the transaction was a scheme to evade the Florida usury law. In reversing a summary judgment entered in favor of the plaintiff, which involved rejection of the defendant's above-stated contention of *652 usury, the appellate court stated that in entering summary judgment the trial court had to assume, as true, facts that were not substantiated by the evidence that was before the court. In May the Court said:
"The court erred in ruling as a matter of law that the entire transaction was governed by the law of California. In view of the admitted fact that the entire transaction took place in Florida, the court could not summarily rule that the contract was governed by foreign law. The court had to determine a question of fact. Was it a bona fide transaction, and did the parties act in good faith?
"`Where the parties have expressly designated the governing law, the only question for the court is whether they acted in good faith or in bad faith for the purpose of evading the law of the place to which their contract is really referable. The qualification as to good faith narrows the choice of laws to those prevailing at the places which are the situs of one or more of the important elements or significant circumstances of the transaction. Effect will be given to the intention of the parties only so far as that intention is directed to the law of the place that has a real and vital, and not merely fictitious, connection with the transaction.' 45 Am.Jur.2d, Interest and Usury, § 21.
"The court had to determine as a question of fact which state had a real and vital connection with the transaction. * * *"
The May case would seem applicable here. Whether or not the loan was a good faith foreign undertaking or was one to evade the Florida usury law is a question to be determined upon the facts and circumstances applicable thereto. TMC was doing business in Florida. Appellant argues the facts alleged would permit inference that the Puerto Rican loan was a part of a Florida land purchase and development transaction which was put together in TMC's Florida office. Whether having the investor go to Puerto Rico and there form a corporation and have it sign the note and loan papers there gave that jurisdiction "a real and vital, and not merely fictitious connection with the transaction", was not a question that could be decided as a matter of law on motion to dismiss.
A question to be determined in this case is whether Puerto Rico had a real and vital, and not merely a fictitious connection with the land purchase and improvement transaction, so as to permit the making of the loan in Puerto Rico, rather than in Florida, to be viewed as having been done in good faith, or whether the making of the loan in Puerto Rico as an incident of the entire transaction should be viewed as having been made there in bad faith as a scheme or device to evade the Florida usury law.
Appellees argue the parties to a loan may choose for its control the law of another state or country, without such being a device to evade their state's usury law, so long as the other jurisdiction bears a reasonable relationship to the contract, citing Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123 (1927); National Surety Corp. v. Inland Properties, Inc., 286 F. Supp. 173 (E.D.Ark. 1968) and Big Four Mills, Ltd. v. Commercial Credit Co., 307 Ky. 612, 211 S.W.2d 831 (1948). That proposition, as applied here begs the question. Decision of this case calls for an evidentiary factual determination. The complaint was not required to state evidence. The ultimate facts alleged were sufficient to withstand a motion to dismiss, and we hold it was error to rule, as the order of dismissal necessarily implies, that on the facts alleged, as a matter of law, the loan transaction was not a contrivance or device to evade Florida usury law.
Appellees argue the plaintiff's allegation that the loan made in Puerto Rico was a scheme or device to evade the Florida usury law is stated as a legal conclusion, and therefore is insufficient. While that allegation is in the form of a conclusion, it is entitled to the support of the facts of the transaction as alleged.
Moreover, appellant argued the court erred in dismissing with prejudice and without allowing plaintiff to amend. Appellant's *653 reply brief states a number of facts not alleged in the complaint, such as could be added by amendment, elaborating on the facts alleged, as to the nature of the transaction. In this case the interest of justice would best be served by allowing the plaintiff to further amend the complaint.
The appellees argue additionally that the dismissal should be upheld on the grounds that the complaint did not present a case appropriate for declaratory judgment, and because the plaintiff sought a form of affirmative relief to which it would not be entitled under Florida law even if this corporate loan should be declared to be usurious. We find those grounds to be unfounded. At the time the complaint was filed the plaintiff was not in default. The transaction was not without complications creating uncertainties as to the status of the loan obligation under the Florida usury law, and the rights of the parties thereto were cast in doubt. The plaintiff was entitled to seek a declaratory judgment relating thereto. The inclusion in a prayer for relief of a request for relief that is not appropriate is not a basis for dismissal of a complaint which states facts upon which some relief may be granted. A complaint for declaratory judgment should not be dismissed unless the case is one which does not present a matter for determination within contemplation of the declaratory judgment act. Johnson v. Thoburn, 160 So.2d 729 (Fla.3d DCA 1964). Where declaratory judgment is properly invoked, the action should be disposed of by a judgment declaring the rights of the parties in the premises. Johnson v. Thoburn, supra; Broward County v. Lerer, 203 So.2d 672 (Fla.4th DCA 1967).
Appellees contend that even if Florida law was controlling on this loan, the dismissal of the cause was proper on the ground that by Section 687.11 Florida Statutes (1975) all penalties for a usurious loan made by a corporation were repealed (except for forfeiture of interest as therein provided for), and because by subsection (4) thereof, added in 1974, not even the forfeiture of interest provision is applicable to a corporate loan made in excess of 15% per annum where the amount of the loan is more than $500,000.00 The appellant contends otherwise. We refrain from choosing between the arguments of counsel as to whether thereby the legislature intended and provided that no usury law or penalty would be applicable to a corporate loan in excess of $500,000.00, regardless of how much interest was charged thereon. To the extent that such statute may be the basis for decision of this case, the construction and effect of the statute on this transaction should be determined initially by the trial court.
Accordingly the order of dismissal is reversed, and the cause is remanded to the circuit court for further proceedings, including granting leave to the plaintiff to further amend, if desired.