429 So.2d 817 (1983)
Robert A. SWANSON and Lila Swanson, Appellants,
v.
GULF WEST INTERNATIONAL CORPORATION, Appellee.
No. 82-1441.
District Court of Appeal of Florida, Second District.
April 13, 1983.
John W. Griffis III, Trawick & Griffis, P.A., Sarasota, for appellants.
John M. Strickland, Livingston, Patterson & Strickland, P.A., Sarasota, for appellee.
LEHAN, Judge.
Gulf West International Corporation, appellee, filed a mortgage foreclosure action against Robert A. and Lila Swanson, who defended on the grounds of usury. After a nonjury trial, the trial court found no usury and entered final judgment ordering repayment of the loan or sale of the mortgaged property. The Swansons appeal the final judgment. We affirm.
In December 1980, the Swansons spoke to a mortgage broker employed by Gulf West Financial Corporation, a mortgage brokerage company, to obtain a mortgage loan to pay off a balloon mortgage on their property. The mortgage broker introduced the Swansons to Bart Barrish, who was president of Gulf West Financial Corporation and was also president of appellee Gulf West International Corporation, the ultimate *818 lender in the transaction which was the subject of this suit.
A loan closing was held on January 7, 1981, in the offices of Gulf West Financial Corporation. The Swansons signed a $50,000 note and mortgage in favor of Gulf West International Corporation. A brokerage commission of $4,772.72 was disbursed at closing to Gulf West Financial Corporation, and the sum of $4,500 was withheld as interest. A total of $40,727.28 was disbursed to or for the benefit of the Swansons.
The note was for a term of six months, and the entire principal amount was due on July 7, 1981. Appellee filed suit for foreclosure on August 20, 1981, claiming that the Swansons owed $50,000 principal plus interest accruing since July 7, 1981. The Swansons answered, claiming that the loan was usurious on two grounds: (a) the Swansons alleged that the $4,772.72 brokerage commission should have been deemed interest for the purpose of determining whether the loan was usurious because Gulf West Financial Corporation was an agent of the lender and not entitled to a commission; (b) the Swansons also alleged that because $4,500 interest was collected by the lender at closing, the actual principal sum received was only $45,500. The Swansons contend that usury existed because the lender required repayment of a total of principal and interest greater than $49,595.
As to the question of the brokerage commission, there was sufficient evidence to support the trial court's determination that the brokerage commission was a legitimate brokerage charge, was not paid to the lender or an agent of the lender, and was, therefore, not interest. For example, except for Mr. Barrish who was president of both corporations, the two companies had no officers in common; they had no common stockholders; the Swansons' loan application was taken by an employee of the brokerage corporation and was submitted to several other lenders before being accepted by appellee; and Mr. Barrish testified that lenders other than appellee made about 95 percent of the loans brokered by Gulf West Financial Corporation. Compare, in contrast, North American Mortgage Investors v. Cape SanBlas Joint Venture, 378 So.2d 287 (Fla. 1979) (close connection between lender and broker included common stockholders, and there was found to be an intent by lender that a broker's commission be received by its agent).
As to the second alleged ground of usury, the Swansons rely upon section 687.03(1), Florida Statutes (1979). That section provides that usury exists if the debtor is required to pay a sum of money greater than the actual principal received, together with interest of 18 percent per annum simple interest. The Swansons argue that the maximum amount they could legally have been required to repay was $49,595, which they say equals the actual principal sum received ($45,500) plus $4,095 interest on $45,500 at the annual rate of 18 percent for the six-month loan term.
For the Swansons' argument to be correct, they had to show that they, in fact, received only $45,500 as actual principal. To support such a showing the Swansons argue that the $4,500 interest was prepaid to the lender at the loan closing. However, there is evidence in the record on the basis of which the trial court could have found that the interest was not prepaid to the lender. When the Swansons first applied for the loan, they asked if the total interest could be deducted from the principal and placed in an interest-bearing escrow account from which the monthly interest payments could be collected. According to the testimony of witnesses for the lender, the lender initially agreed to this arrangement but at closing informed the Swansons that the account could not be interest-bearing. The Swansons testified that they were told some weeks after closing that the $4,500 was prepaid and was not being held in an interest-bearing account. Nevertheless, the trial court had evidence from which it could have concluded that the Swansons agreed to place the $4,500 into an escrow account and that, accordingly, the $4,500 was not prepaid to the lender. The promissory note signed by the Swansons *819 stated that "interest in the amount of $4,500.00 is being held in escrow by Gulf West International Corporation."
The burden of proof to establish usury is on the borrower. Dixon v. Sharp, 276 So.2d 817, 820 (Fla. 1973). The record does not show that the trial court erred in deciding that appellant failed to carry that burden.
Although the final judgment does not set out the trial court's reason for its finding of no usury, a decision of a trial court will generally be affirmed if it is correct under any applicable theory of law. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
AFFIRMED.
SCHEB, A.C.J., and CAMPBELL, J., concur.