McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Affordable Homes, Inc. appeals from summary judgment on behalf of Devil’s Run, Ltd. in Affordable’s suit against it for breach of contract to sell land. We reverse.
This is not the first time these parties have been before this court on this contractual dispute. Briefly, Affordable alleged in its original complaint that Devil’s Run sold lots to others which it was contractually obligated to sell to Affordable. Devil’s Run countered that Affordable failed to comply with the time constraints established in the contract, to which Affordable responded that there had been an oral agreement to extend the time for performance. The lower court dismissed the complaint with prejudice, holding that the statute of frauds prevented such oral modification of the contract.
In Affordable Homes, Inc. v. Devil’s Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982), we reversed, holding that, although the statute of frauds would prevent Affordable from establishing an orally modified contract, a separate theory of estoppel or waiver could be stated “if [Affordable] pleads that it detrimentally relied on an oral modification, such as an extension of the time of performance agreed to by [Affordable].” Affordable Homes at 680.
Affordable proceeded to file an amended complaint. With regard to the estoppel theory, it alleged that Devil’s Run orally agreed to extend the time for performance, that there was a specific understanding of continued “phased” closings with no provision for accelerated closings and that it forbore to arrange for immediate closing because of Devil’s Run’s representations. In its answer, Devil’s Run acknowledged the oral agreement but specifically denied the remaining allegations. It is apparent from the face of these pleadings that the facts alleged by Affordable to constitute estoppel were disputed by Devil’s Run. Nothing could be more well established than the proscription against the entry of a summary judgment when genuine issues of material fact remain for determination. O’Quinn v. Seibels, Bruce and Co., 447 So.2d 369 (Fla. 1st DCA 1984).
We also note the presence in the record of a letter confirming the time extensions sent by Affordable to Devil’s Run after it was informed by a discharged employee that new management’s attitude was that it should close its lots or they would be sold to someone else. Devil’s Run did not reply, and sold the lots within a month of the time Affordable was told by the discharged employee of the indefinite acceleration. The lower court found in its order that this letter was inadequate to notify Devil’s Run of continued interest in the lots, and that any estoppel arising from *551 the previous agreement thereupon ended. This is also a factual issue which remains to be determined, as is the reasonableness of Devil’s Run’s sale of the lots to others without responding to Affordable’s letter.
We reverse and remand for further proceedings consistent with this opinion.
ERVIN and WIGGINTON, JJ., concur.