PER CURIAM.
We reverse the trial court’s order granting summary final judgment of foreclosure because, as appellant correctly contends, there exists a material issue of disputed fact. See Fla.R.Civ.P. 1.510(c). If the $6,136, designated “prepaid finance charge” in the lender’s mandatory disclosure statement, was indeed prepaid interest as the appellant contends, the interest rate charged would be in excess of eighteen per cent per annum and usurious as defined by section 687.02(1), Florida Statutes (1985). See Swanson v. Gulf West International Corp., 429 So.2d 817 (Fla. 2d DCA 1983); see also Rebman v. Flagship First National Bank, 472 So.2d 1360, 1363 (Fla. 2d DCA 1985) (“any amounts advanced by a lender which directly or indirectly benefit the borrower — as well as any amounts directly received by a borrower — should be a part *1049 of the principal used for calculating interest under our usury law”). Without having resolved this factual issue, which was properly raised by appellant’s affirmative defenses, the trial court could not properly grant appellees’ motion for summary judgment. Accordingly, the order under review is reversed.