SCHWARTZ, Chief Judge.
The record in this case, which was tried to the court following the reversal of a summary judgment for the plaintiff in Brook v. Pasternak, 498 So.2d 1048 (Fla. 3d DCA 1986), supports the factual finding that the rate of interest reserved in the note and mortgage sued upon exceeded the twenty-five per cent limit provided by the criminal usury statute. § 687.02, Fla. Stat. (1985). The legal effect of that determination, as the trial court also correctly held, and as section 687.071(7), Florida Statutes (1985)[1] provides, is to preclude outright the enforceability of the obligation, even by a bona fide purchaser such as the appellants claim to be. See American Acceptance Corp. v. Schoenthaler, 391 F.2d 64 (5th Cir.1968), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1986); North Am. Acceptance Corp. v. Warren, 451 S.W.2d 921 (Tex.Civ.App.1970); compare § 687.04, Fla. Stat. (1985) (precluding forfeiture of interest against b.f.p. on civilly usurious transaction involving interest less than twenty-five per cent). Accordingly the judgment below is
Affirmed.

. 687.071 Criminal usury, loan sharking; shy-locking.
[[Image here]]
(7) No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.