WENTWORTH, Judge.
Appellants seek review of a partial summary judgment and a final order quieting title to a disputed parcel of land, enjoining appellants from asserting any further right to the land and cancelling their quit claim *1233 deed. The final order was entered after an evidentiary hearing preceded by the partial summary judgment establishing the accuracy of appellees’ survey determining the location of the government section line involved in the dispute. We find that contested issues of material fact were presented in this regard, and we therefore conclude that the court should not have granted the partial summary judgment.
The parties claim ownership of property on opposite sides of the Suwannee River, and each assert title to a small sliver of unimproved land along one side of the riverbank. The ownership of this land has been disputed between the parties’ families for over 30 years. It was indicated that both families had filed property tax returns and paid the annual assessment on the land, and the parties each claimed title pursuant to deeds.
The dispute as to title by deed required a determination as to the location of a government section line. Appellees filed an action to quiet title and obtain other relief. Appellants answered and counterclaimed, asserting that the section line established in accordance with the original 1825 government survey places the disputed property within their deeds. Appel-lees submitted to the court a survey by their expert. This survey identified the location of the section line so as to place the disputed land within the legal description of appellees’ deeds. Appellees also submitted the surveyor’s affidavit delineating his methodology and stating that his survey was in accordance with and adhered to the original government survey. Appellants disagreed with the methodology of appellees’ expert, identifying in their interrogatory answers a dozen asserted errors in the survey which allegedly resulted in an inaccurate conclusion regarding the location of the section line.
Appellees moved for a partial summary judgment, and appellants opposed the motion by noting the disputed issues of fact raised in their pleadings and interrogatory answers. The court nevertheless entered a summary judgment establishing the accuracy of appellees’ survey and its location of the section line. However, the existence of disputed issues of material fact, presented by the pleadings and interrogatory answers, precludes this summary judgment. See Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dismissed 336 So.2d 105 (Fla.1976); also see Unijax Inc. v. Factory Insurance Assoc., 328 So.2d 448 (Fla. 1st DCA 1976). The affidavit of appellees’ expert does not negate this factual dispute, and the court should not have entered a summary judgment.
Appellants sought rehearing or reconsideration of the summary judgment, submitting the affidavit of their own expert. The court did not recede from its ruling and the action proceeded to trial on the remaining issues, including claims for adverse possession, title by acquiescence, and slander of title. During the course of the trial appellants again asserted that the court should recede from the summary judgment, but appellees argued to the contrary and the court did not recede from its prior ruling. Extensive testimony was presented as to the circumstances surrounding each parties’ claim of title to the disputed land. At the conclusion of the trial the court entered a final judgment again finding appellees’ survey to be accurate, and declaring that appellees hold legal title to the property. The court quieted title and enjoined appellants from asserting any further interest in the land.
In entering judgment for appellees the court concluded that appellants had not established their claims of adverse possession or title by acquiescence. We find appellants’ assertions of error with regard to these rulings to be without merit. We also reject appellees’ contention that the final judgment constitutes a de novo redetermi-nation of the matters addressed in the prior summary judgment. The court never receded from its earlier ruling, and neither the parties’ presentation of evidence as to the remaining issues, nor the court’s reiteration of its earlier findings, cures the error in entering summary judgment.
The orders appealed are affirmed as to the denial of appellants’ claims of adverse possession and title by acquiescence. The *1234 orders are reversed as to the entry of summary judgment and the issues decided thereby, and the cause is remanded.
ERVIN and BOOTH, JJ., concur.