CAMPBELL, Chief Judge.
Appellant challenges a final summary judgment in which the court determined that a contract between appellant and ap-pellee was not usurious. The contract specifically provided for the repayment of monies loaned to appellant by appellee, together with interest, costs and compensation for services rendered by appellee. We affirm.
The contract now challenged but freely entered into by appellant expressly recognized that a portion of the sums to be repaid by appellant, in addition to the sums originally borrowed from appellee, was compensation for services rendered appellant by appellee. The contract did not identify what part of the additional sum to be repaid represented interest or what part of that sum represented costs advanced and compensation for services rendered. On its face, therefore, the contract was not usurious. Appellant was free to demonstrate to the trial judge, and indeed had the burden to affirmatively plead and establish by clear and satisfactory evidence, that the substance of the transaction rather than the form of the contract should prevail and that the substance showed that the additional sums being repaid by appellant represented usurious interest. Kay v. Amendola, 129 So.2d 170 (Fla. 2d DCA 1961); Rollins v. Odom, 519 So.2d 652 (Fla. 1st DCA), rev. denied, 529 So.2d 695 (Fla.1988); May v. United States Leasing Corp., 239 So.2d 73 (Fla. 4th DCA 1970).
However, appellant came forward with no evidence at the hearing on the motions for summary judgment that could refute appellee’s evidence that the contract was clear and unambiguous, that appellee did provide services and did advance costs for appellant for which compensation was to be paid, and that there was no evidence available to demonstrate that the amount being repaid solely as interest was usurious in amount. No such evidence was offered, nor did appellant demonstrate that any evidence could be forthcoming, to show that appellee acted with the corrupt intent to charge more than a legal rate of interest that is necessary to establish usury. Rebman v. Flagship First National Bank of Highlands County, 472 So.2d 1360 (Fla. 2d DCA 1985). Without the offer of any such evidence or an indication that such evidence was available to contradict the express provisions of the contract, appellee was entitled to summary judgment. See Swanson v. Gulf West International Corp., 429 So.2d 817 (Fla. 2d DCA 1983); Davanzo v. Miami National Bank, 301 So.2d 797 (Fla. 3d DCA. 1974), cert. denied, 315 So.2d 185 (Fla.1975); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
We, therefore, affirm the summary judgment for appellee.
RYDER and LEHAN, JJ., concur.