DAUKSCH, Judge.
This is an appeal from a summary judgment in a mortgage foreclosure case.
The issue on appeal is whether there was a genuine issue of material fact left unresolved by the summary judgment. We find there was. The issue involves the exact rate of interest charged by the bank on the promissory note.
The note says:
The Interest Rate is:
( ) A FIXED RATE OF _ per cent per annum simple interest; or (XX) A VARIABLE RATE OF L50 per cent per annum simple interest in excess of the “Base Rate”. The BASE RATE is:
(X) The Prime Rate (the term “Prime Rate” means the interest rate announced from time to time as the Prime Rate) in effect at:
( ) The Payee: or ( X ) The First commercial prime, which is based on New York prime interest rate for short term commercial loans as published in the Wall Street Journal.
( ) Other _ and the variable rate applied to this loan will be adjusted: ( ) from time to time as the Base Rate changes; or
*1233 ( ) monthly based on the Base Rate in effect at the beginning of each calendar month; or
(X) Other Daily, with any prime rate change.
Appellant filed an affidavit disputing that of appellee regarding the computation of the interest rate. Appellant says appel-lee’s affidavit is ambiguous and in conflict with appellee’s proposed final judgment. He further says there is no such thing as “The First Commercial prime which is based on New York prime interest rate for short term commercial loans as published in the Wall Street Journal.”
The affidavit of appellant raises a fact issue as to the interest rate which must be resolved by the taking of further evidence. What exactly is the rate of interest? Is there a short term commercial prime rate? Is it published in the Wall Street Journal? Can it be computed daily and then applied to this loan and this judgment? How much is it? The record does not reveal that these questions were answered below. They must be answered because appellee will be able to seek a deficiency judgment against appellants even after they take the security for the defaulted loan, if the security does not satisfy the payment of the note and other costs and charges. Also, if the security at the foreclosure sale is sold for more than the total indebtedness then appellants will be due the excess. A precise interest figure is required if appellee seeks to collect it. The summary judgment leaves that question still unanswered. We must reverse the judgment and remand for further proceedings.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.