PER CURIAM.
This is an appeal by the plaintiff Hilda Bell from an adverse final summary judgment in an action to collect on a $16,784.17 loan. The trial court concluded that the loan carried a criminally usurious rate of interest (64.3%) and therefore was unenforceable under Section 687.071(7), Florida Statutes (1987). We reverse.
It is undisputed that the defendants were required by the oral loan agreement to repay the loan within thirty (30) days after the loan was made, plus $900. According to the plaintiffs affidavit filed in opposition to the defendant’s motion for summary judgment, however, this $900 did not constitute interest on the loan, but represented a payment for various “services” performed by the plaintiff in paying off a judgment owed by the defendants Herbert and Clarice Bailey with the proceeds of the loan in question. Based on this affidavit, we conclude that a genuine issue of material fact was therefore presented as to whether a criminally usurious rate of interest was charged in this case, thereby precluding summary judgment. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Wells v. Freedman, 342 So.2d 983, 984 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 881 (Fla.1978); First Mortgage Investors v. Boulevard Nat’l Bank, 327 So.2d 830 (Fla. 3d DCA 1976); see also Naples Cay Dev. Corp. v. Ferris, 555 So.2d 1272, 1273 (Fla. 2d DCA 1989), rev. denied, 563 So.2d 633 (Fla.1990).
To avoid this inevitable result, the trial court struck the plaintiffs affidavit upon a finding that it was contrary to the plaintiffs sworn deposition. We disagree. The plaintiff in her deposition did not state that the $900 was for interest on the loan; she was never asked whether the $900 was for interest and did not otherwise expressly so state. The plaintiffs affidavit, at least arguably, supplemented her deposition testimony and did not expressly contradict it. Accordingly, the trial court erred in striking the plaintiffs affidavit. See Kopacz v. Jack Eckerd Corp., 542 So.2d 469 (Fla. 5th DCA 1989); Willage v. Law Offices of Wallace & Breslow, P.A., 415 So.2d 767, 769 (Fla. 3d DCA 1982); Borders v. Liberty Apartment Corp., 407 So.2d 232 (Fla. 3d DCA 1981), rev. denied, 417 So.2d 330 (Fla.1982).
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.