664 So.2d 1083 (1995)
Bruce WATSON and Joyce Watson, Appellants,
v.
Truman HAHN, Appellee.
No. 95-201.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
*1084 Matias Blanco, Jr., Tampa, for appellants.
Richard J. DaFonte of Richard J. DaFonte, P.A., Largo, for appellee.
W. SHARP, Judge.
Bruce and Joyce Watson, the sellers, contracted to convey real property located in Brooksville, Florida, to Truman Hahn, the buyer. The Watsons appeal from a final summary judgment denying them any relief in their specific performance and breach of contract suit against Hahn. The trial court ruled Hahn was entitled to a summary judgment, based on the court file, including affidavits, case law submitted, and oral argument of counsel at a hearing held on November 2, 1994. We reverse.
In order to sustain a summary judgment on appeal, the appellee must be able to demonstrate that there is no question of material fact, and that appellee is entitled to a favorable judgment as a matter of law.[1] If the record demonstrates otherwise, the appellate court must reverse and allow the cause to proceed below, most likely to trial where disputed material fact issues are resolved by the fact-finder.[2] The trial court which entered the summary judgment is entitled to a presumption of correctness, only if the record supports his or her ruling.
In this case, it appears to us there is a hotly contested material issue of fact as to whether or not Hahn was deceived about, or mistaken, as to the nature of the construction of the residence he contracted to purchase. This dispute is set out in full in the parties' pleadings in this case. Hahn takes the position that he did not know the structure was a "mobile home," even after personally inspecting it himself. The Watsons alleged that Hahn knew the structure was a pre-fabricated modular home when he first inspected it prior to signing the contract to purchase it, and that the residence has been listed and advertized as a modular home at all times. Hahn sought rescission and damages for fraud.
Hahn's attorney filed a motion for summary judgment, claiming there was no material fact issues as to fraud, misrepresentation, and mistake. The motion fails to explain how those issues, so clearly presented and contested in the pleadings, are not disputed and not material. When the Watsons appeared at the summary judgment hearing, without counsel, the trial judge ruled that *1085 they would be given seven days to retain counsel. If they failed to do so, he said he would grant the summary judgment against them. That order was dated August 8, 1994, and was received by the Watsons some five days later.
The Watsons did employ new counsel, who filed a motion for re-hearing on August 19, 1994, to which was attached an affidavit executed by Bruce Watson. It is the only affidavit in the record on appeal. In his affidavit, Watson alleged (based on his own personal knowledge), that when Hahn first saw the residence, it was apparent from Hahn's statements that he knew that the structure was a modular home. Watson further alleged the residence was so listed and advertized at all times. And, he alleged it is a prefabricated modular home affixed to the realty on a concrete foundation. It is not a mobile home. He also alleged all conditions of the contract had been performed, including a termite inspection.
The court entered an order granting the rehearing. A hearing was in fact held. On November 2, 1994, the court ruled, saying it had relied on the court file, case law, affidavits, and oral argument of counsel.
The problem in this case is that there is nothing in this record which resolves the disputed material fact issues raised by the parties' pleadings. Hahn's counsel failed to file any affidavits in support of his motion for summary judgment. The disputed pleadings alone should have been sufficient to create a material issue of fact.[3] And by the time the court held a hearing after granting a rehearing, the Watson affidavit would have been sufficient to bar summary judgment, had there been some affidavits or deposition testimony establishing Hahn's version of the dispute and refuting the Watsons' version.[4]
Hahn argues on appeal that there were two depositions in the record at the time of the summary judgment hearing, which support his version of the facts. But they are not in the record on appeal, nor are they referred to by the trial judge as having formed the basis for his ruling. That alone distinguishes this case from Morgan v. Pake, 611 So.2d 1315 (Fla. 1st DCA 1993).
We conclude the summary judgment in Hahn's favor must be reversed and this cause remanded because the record demonstrates there are material issues of fact which should be resolved by the fact-finder. This is not an appropriate forum for a battle by conflicting affidavits and depositions.
REVERSED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] Fla.R.Civ.P. 1.510. See also Landers v. Milton, 370 So.2d 368 (Fla. 1979); R & L Construction v. Cullen, 557 So.2d 931 (Fla. 5th DCA 1990); Semoran Pines Condo. Assoc. v. Arab Termite and Pest Control of Florida, Inc., 543 So.2d 417 (Fla. 5th DCA 1989).
[2] Bailey Drainage District v. Stark, 526 So.2d 678 (Fla. 1988); Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Murrell v. NCNB Nat. Bank, 611 So.2d 603 (Fla. 5th DCA 1993); Semoran Pines Condo. Assoc.
[3] Chillemi v. Rorabeck, 629 So.2d 206 (Fla. 4th DCA 1993); Marsella v. Crapps, 529 So.2d 1232 (Fla. 1st DCA 1988); Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218 (Fla. 1st DCA 1987); Affordable Homes v. Devil's Run, Ltd., 483 So.2d 549 (Fla. 1st DCA 1986).
[4] Bell v. Bailey, 639 So.2d 1063 (Fla. 3d DCA 1994); McCone v. Butts, 616 So.2d 535 (Fla. 5th DCA 1993); Edenfield v. Martin County, 583 So.2d 1097 (Fla. 4th DCA 1991), approved, 609 So.2d 27 (Fla. 1992); Wharton v. The First, F.A., 554 So.2d 1232 (Fla. 5th DCA 1990).