SCHEB, Judge.
The Division of Florida Land Sales, Condominiums and Mobile Homes appeals from an order dismissing its first amended complaint against S.K. Cutlip, Inc. (the Developer) on the ground that the Division lacked standing to seek declaratory relief. We reverse.
In April 1983, the Division charged the Developer of the Colonial Isle Condominiums with failure to pay assessments required by section 718.116(1), Florida Statutes (1981). The Division and the Developer agreed to entry of an administrative consent order pursuant to section 718.-501(l)(d)l., Florida Statutes (1981). The order required the Developer to pay the Colonial Isle Condominium Association $8,484.55 in overdue assessments.
In late 1983, the Division brought suit against the Developer in circuit court. It alleged standing to enforce the consent order as a contract between it and the Developer and sought declaratory relief under sections 86.021 and 120.69, Florida Statutes (1983).
The Division’s amended complaint included the following allegations. S.K. Cutlip was the sole shareholder, officer and board member of the Developer. After Cutlip signed the consent order, he and his attorney arranged to vote the Developer’s unit votes and proxies obtained from other unit owners in favor of a motion to return the $8,484.55 check to the Developer after Cut-lip tendered it to the association. At the November 1, 1983, annual meeting Cutlip made this motion, which was seconded by his attorney. The motion passed by a vote of either 16 to 15,17 to 14, or possibly 18 to 13, and Cutlip accepted return of the check for the Developer. The Division claimed this motion passed because the Developer held eight to fourteen proxies of unit owners who were not aware that their proxies would be used to return the check to the Developer.
The Division requested that the court determine whether the Developer’s actions constituted a breach of the good faith compliance implicit in the consent order. The Division also asked that the court require the Developer to permanently remit the $8,484.55 to the condominium association and prohibit any similar motions.
The Developer filed a motion to dismiss, contending the Division lacked standing to maintain the action. The trial judge granted the motion, observing that, while the condominium unit owners could maintain such an action, the Division could not. The court allowed the Division to amend its complaint. Instead, the Division filed an appeal to this court. We dismissed the appeal on the ground that it was taken from a nonfinal order. See Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978). Then, at the Division’s request, the trial court entered a final order dismissing the amended complaint with prejudice. This appeal ensued.
We think the trial court erred. The consent order represented final agency action regarding the Developer’s failure to pay assessments pursuant to section 718.-116(1). See § 120.52(2), (10), Fla.Stat. (1983). The Division had the power to enforce compliance with section 718.116(1). Moreover, the Division was authorized to file with the trial court a request for declaratory relief in its own name for the enforcement of the consent order. § 718.-501(l)(d)3., Fla.Stat. (1983). Consequently, the Division had standing to maintain this action.[1]
*1380 Whether the Division’s complaint states a cause of action for declaratory relief is not an issue before us. Yet, we feel compelled to note that the test of the sufficiency of such a complaint is not whether it shows that the plaintiff will succeed in getting a declaration of rights in accordance with the plaintiff’s theory, but whether the plaintiff is entitled to a declaration of rights at all. Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445, 448 (Fla.1952); Durand v. Metropolitan Dade County, 472 So.2d 865 (Fla. 3d DCA 1985). We think the complaint taken as a whole sufficiently alleges that the Developer breached its implied promise of good faith by wrongfully manipulating the condominium unit owners’ proxies to defeat the intended effect of the consent order. See, e.g., Broward County v. Lerer, 203 So.2d 672 (Fla. 4th DCA 1967). Of course, to obtain the relief requested, the Division must establish that the Developer wrongfully obtained return of its check by manipulating the voting procedures in breach of the good faith requirement implicit in the consent order.
Accordingly, we reverse the dismissal of the complaint and remand for further proceedings consistent with this opinion.
GRIMES, A.C.J., and HALL, J., concur.

. While the trial judge correctly observed that the condominium unit owners would have standing, the Division’s standing is not diminished by this fact.