LEVY, Judge.
An agency appeals an adverse summary judgment rendered by the Circuit Court, ordering the agency to dismiss an administrative enforcement action. We reverse.
In September of 1991, the Department of Business Regulation[1] issued a show cause order to Elliot Miller, charging various violations of the Florida Administrative Code surrounding his ownership and operation of some apartments in Hialeah. Miller requested a formal hearing on the charges, and the matter was referred to the Division of Administrative Hearings [DOAH]. In February of 1992, the Department filed a motion asking the DOAH to relinquish jurisdiction back to the Department so that the Department could dismiss the proceedings. In March of 1992, the DOAH granted the motion, and relinquished jurisdiction “to the referring agency for dismissal of the charges.” However, instead of dismissing the charges, the Department subsequently filed a motion with the DOAH, seeking to reopen the case, apparently because Miller refused to execute a consent final order. In July of 1992, the DOAH granted the Department’s motion, and reopened the case, which is currently still pending before the DOAH.
Despite the pendency of the administrative action, Miller filed this separate proceeding in the Circuit Court, by way of a petition for enforcement of agency action, pursuant to Section 120.69, Florida Statutes (1991). Miller sought enforcement of the DO AH’s March, 1992, order which relinquished jurisdiction to the Department to dismiss the administrative action against Miller. The Circuit Court granted Miller a summary judgment, finding that Miller was entitled to have the Department dismiss the administrative action against him. The Department now appeals.
The Department contends that reversal is required because there was never “agency action” which could be enforced under Section 120.69 in Circuit Court. Miller, on the other hand, contends that the Department’s decision not to dismiss the administrative action, pursuant to the March, 1992, order, constituted “agency action” that was enforceable in Circuit Court. We must now decide whether the Department’s failure to dismiss the administrative action, after receiving jurisdiction back from the DOAH, amounts to “agency action.” We find that it does not.
Section 120.69 creates a method for enforcement of agency actions, and states that “[a] petition for enforcement of any agency action may be filed by any substantially interested person.” § 120.69(l)(b), Fla.Stat. (1991) (emphasis supplied). “Agency action” is defined by the Administrative Procedure Act as “the whole or part of a rule or order, or the equivalent.” § 120.52(2), Fla.Stat. (Supp.1992). “Order” is, in turn, defined as “a final agency decision.” § 120.52(11), Fla. Stat. (Supp.1992). The definition of “order” also includes an explanation that “[a]n agency decision shall be final when reduced to writing and filed with the person designated by the agency as clerk.”
In this case, there was no “agency action” which Miller could enforce by way of a Section 120.69 petition. The Department moved the DOAH to relinquish jurisdiction so that the Department could dismiss the action. Before the Department dismissed the action, however, it moved to reopen the DOAH case, a motion the DOAH had the power to grant. See Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137, 1138 (Fla. 1st DCA 1981) (DOAH hearing officer has power to rehear and reconsider an earlier denied motion). There never was a final agency decision which was reduced to writing and filed with the agency clerk, as required by Section *290 120.52(11). See Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351, 1353 (Fla. 1st DCA 1981) (final agency decision which is reduced to writing and styled “Commission action” constitutes final agency action), approved on other grounds sub nom. Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla.1983). As such, there was no “order”, and consequently, no “agency action” upon which to base a Section 120.69 petition. See Friends of the Everglades, Inc. v. South Fla. Regional Planning Council, 456 So.2d 491, 492 (Fla. 3d DCA 1984). Compare State, Dep’t of Business Regulation, Div. of Fla. Land Sales, Condominiums and Mobile Homes v. S.K. Cutlip, Inc., 484 So.2d 1378, 1379 (Fla. 2d DCA 1986) (consent order in administrative action constitutes “agency action”). The Circuit Court therefore erred in granting Miller relief.[2]
We conclude that the trial court erred as a matter of law by granting Miller summary judgment. Moreover, due to the absence of “agency action”, the trial court erred by fading to dismiss Miller’s petition. Therefore, the summary judgment entered by the trial court is reversed, and this case is remanded with directions to the trial court to dismiss the petition filed by Miller.
Reversed and remanded, with directions.

. Effective July 1, 1993, the Department of Business Regulation was abolished, and its functions taken over by the newly created Department of Business and Professional Regulation. See Ch. 93-220, §§ 2-4, at 1794, Laws of Fla. For clarity in this opinion, we will refer to the appellant as the Department.

. This conclusion is bolstered by the fact that the Department is not bound to follow a DOAH order in rendering a final decision. See § 120.-57(l)(b)10., Fla.Stat. (Supp.1992) (agency may adopt, modify, or reject a DOAH recommended order).